## WELLS et al. v. WARD.
### No. 6301.

Court of Civil Appeals of Texas. Texarkana.
Dec. 19, 1947.

Rehearing Denied Jan. 8, 1948.

T. D. Wells and Frank D. Wear, both of Paris, for appellant.

C. C. McKinney, of Cooper, for appellee.

HARVEY, Justice.

Mary Wells and Julia Bryant, two of the beneficiaries under the will of Lucy J. Ward, their deceased mother, joined pro forma by their respective husbands, filed suit in the County Court of Delta County, Texas, against H. A. Ward, Administrator of the estate of their mother, to require him to inventory an Allis-Chalmers tractor and a Chevrolet automobile as part of such estate. These two items had not been included in the inventory of such estate previously returned and filed by the administrator. On a jury trial in the county court judgment was entered denying the relief sought; upon appeal to the district court of Delta County, a judgment likewise adverse to the contentions of the plaintiffs was entered there, and they have perfected an appeal to this court.

A number of points are presented by the appellants which may be condensed into a few controlling ones. They contend that the trial court should have instructed a verdict in their favor since in their view of the evidence the tractor and automobile were shown by the evidence as a matter of law to belong to the estate of R. D. Ward, their father, at the time of his death, or to the estate of Lucy J. Ward at the time of her death; that the court erred in failing to submit certain special issues requested by them which in effect inquired as to whether or not R. D. Ward, or Lucy J. Ward, exercised control over the automobile and tractor in controversy up to the time of the death of each one, respectively; that the court erred in admitting in evidence a certificate of title covering the automobile, and offered in evidence by the defendant H. A. Ward, administrator; and that the court erred in submitting the issues in the case in the form in which he did submit them.

The trial court submitted the case to the jury upon four special issues, which in substance were whether or not the tractor and automobile belonged either to the estate of Lucy J. Ward, or to the estate of R. D. Ward, at the time of the death of each one, respectively. All of these issues were answered in the negative. In this case the burden was upon the plaintiffs to show that the tractor and automobile belonged to the estate of their father at the time of his death, or to the estate of their mother at the time of her death, in accordance with the allegations in their petition. Appellants say that the issues as submitted presented a question of law, or at least a mixed question of law and fact, and for that reason were erroneous. Since they had alleged that the items in question belonged to the estate of R. D. or Lucy J. Ward, the court properly submitted the issues in the form in which he did. It would have been difficult indeed to have framed issues presenting plaintiffs' theory of the case in any other manner. In addition, in our opinion the words "belonged to" as used in the court's charge are synonymous with or mean the same as "to be the property of." They connote title or ownership. See 5 Words and Phrases, Perm.Ed., Belong; Belonging. Numerous decisions are to the effect that the primary and common meaning of the words "belong to" is "to be the property of." Some authorities hold that the word "belong" means "to have in possession." City of San Francisco v. McGovern, 28 Cal.App. 491, 152 P. 980. By reason of the well known meaning of the word "belong" we do not think that the issues as

framed by the court in which he used this word was subject to the objection that it presented a question of law or a mixed question of law and fact, nor was it necessary for the court to define the word for the benefit of the jury. In this connection, even though a definition had been necessary the appellants did not present a correct definition to the court to be included in the charge.

Plaintiffs' requested issue No. 5 is as follows: "Do you find from a preponderance of the evidence that R. D. Ward exercised control over the automobile in controversy up to the time of his death?"

■■■ A similar issue relating to control of the tractor by R. D. Ward, and issues as to control by Lucy J. Ward over each of these same two items were requested. The defendant's contention was that the items in controversy were not a part of the estate of R. D. or Lucy J. Ward, since they had been given to H. A. and Stanley Ward by their father, R. D. Ward. If we were to reverse the situation herein so that it would be a suit by H. A. Ward and Stanley Ward to recover the property in question by reason of a gift of it to them, the issues requested by appellants would be pertinent. One who asserts a gift has the burden of showing that the gift was made, coupled with a delivery of possession; that is to say, that the donor intended a gift "in praesenti," which to be valid must be accompanied by a present delivery of possession. Gifts to take effect in the future are not enforceable. In the instant case it was sufficient for the court to secure a fact finding by the jury as to whether or not the property in dispute was a part of the estate of R. D. Ward or Lucy J. Ward, as alleged by The defendant did not request issues presenting his defense that there had been a completed gift. Therefore, it was not error for the court to refuse to give the issues relating thereto requested by the plaintiffs, their theory of the case having been presented in the issues as given in the main charge.

■■■ With reference to the request for an instructed verdict, it is to be noted briefly that R. D. Ward died prior to his wife, leaving a will in which he appointed his oldest son, H. A. Ward, administrator, and in which he left his property to his wife with a provision that at her death the children should share equally in his property. There is substantial evidence to the effect that R. D. Ward, prior to his death, gave the tractor and car to his sons, H. A. and Stanley Ward. One witness testified that R. D. Ward told him that he had bought the tractor for the boys; another testified that R. D. Ward told him he had given the tractor to the boys, and if he wanted to use it he would have to see them. The salesman who sold the tractor to R. D. Ward testified that when he delivered it to the home of Stanley Ward, R. D. Ward told him that he was buying it for the boys, H. A. and Stanley; also that the boys operated the tractor, bought parts for it and paid for the repairs. Much other testimony to the same effect is in the record. Testimony to the contrary was introduced by the plaintiffs. In this condition of the record, a fact issue as to the ownership of the property in question was presented, and an instructed verdict properly could not have been given.

■■■ The certificate of title offered in evidence by the appellees was properly admitted by the court. It is on the usual form used by the State Highway Department, containing the information required in certificates of title and dated May 15, 1946. A notation on the certificate of title is to the effect that applicant therefor has stated on oath that he is the owner of the motor vehicle described therein. Our statute provides that in the event a certificate of title is lost or destroyed the owner or lienholder thereof may procure a certified copy of same directly from the State Highway Department by making affidavit upon such form as may be prescribed by the department. Art. 1436—1, Sec. 36, Vernon's Ann.P.C. This certificate of title issued in compliance with the statute was admissible upon the trial of the case relative to the ownership of the automobile in question. It is true that it would not be conclusive as to ownership and would be subject to rebuttal. In addition, one who made a false affidavit in order to obtain a certificate of title based upon a lost or destroyed certificate would be sub-

ject to the penalties of a criminal prosecution for the offense of perjury. However, such a certificate of title is admissible as a public record for whatever weight it might have. Another reason why this certificate of title in question was properly admitted in evidence is the fact that one witness testified he saw the certificate of title in the name of H. A. Ward and that this certificate of title was destroyed when H. A. Ward's home burned. Under these circumstances a copy of the destroyed original certificate of title was admissible in evidence.

The judgment of the trial court is affirmed.