INVESTORS SYNDICATE CREDIT CORPORATION, Appellant,

v.

Emzie ATES et ux., Appellees.

No. 304.

Court of Civil Appeals of Texas.

Tyler.

Oct. 19, 1967.

Lawrence & Lawrence, F. Lee Lawrence, Tyler, for appellant.

Weldon Holcomb and Jack Norwood, Tyler, for appellees.

SELLERS, Justice.

The appellees brought this suit to cancel a certain instrument designated mechanic's

lien contract and deed of trust covering certain property alleged to belong to appellees.

The petition alleges a number of grounds for the cancellation of said instrument; however, this appeal involves only one question, and that is, the sufficiency of the description of the land contained in the instrument to meet the statute of frauds in this State. The contract provided: "This CONTRACT made and entered into by and between EMZIE ATES and his wife, LEE DORA ATES of SMITH County, Texas, hereinafter called OWNERS, * * * upon the following described tract, lot or parcel of land belonging to Owners: BEING: 1.58 ACRES OF THE B. S. WATTS SURVEY, ABSTRACT 1048, SMITH COUNTY, TEXAS. * * *"

The appellees filed a motion in the trial court for summary judgment on the theory that the description of the land in the instrument was not sufficient to locate the land on the ground and was, for that reason, void insofar as placing a lien against the appellees' property. The trial court, after hearing, sustained the motion and entered judgment cancelling the instrument for lack of a valid description of the property.

Appellees admitted on the hearing that they owned a 1.58 acre tract of land in the B. S. Watts Survey in Smith County, Texas, at the time the instrument was executed and that it was all the land they owned in the survey and that they did not own any other land in Smith County or the State of Texas.

The trial court's decision is absolutely correct if the description of the land: "BEING: 1.58 ACRES OF THE B. S. WATTS SURVEY, ABSTRACT 1048, SMITH COUNTY, TEXAS" is looked to alone. However, it is appellant's contention that the provision in the description, "upon the following described tract, lot or parcel of land belonging to Owners" is sufficient to authorize parol evidence to locate the land which can easily be done with appellees' admissions. The word "owners" con-

tained in the above phrase refers to appellees. This was made so by the first sentence in the contract where it is said "hereinafter called owners". Therefore the word "owners" as used as a part of the description should be the same as if it said "belongs to Emzie Ates and his wife, Lee Dora Ates." The decision then really depends upon the meaning of the words "belongs to owners" or "belonging to." The phrase "belongs to" has been many times before the courts and the case that seems more nearly in point here is the case of Wells et al. v. Ward, Tex.Civ.App., 207 S. W.2d 698. It was used in connection with the ownership of property and the court held:

"* * * In addition, in our opinion the words 'belonged to' as used in the court's charge are synonymous with or mean the same as 'to be the property of.' They connote title or ownership. * * *"

Applying this definition to our case, we have the phrase "belonging to owners" meaning that it is the property of Emzie Ates and wife, Lee Dora Ates. Giving the instrument this meaning, it follows in our opinion that a key is found in the instrument itself which will authorize parol evidence to locate the land, and this is easy when you take the admissions of appellees. This holding, we think, is supported by the decision of the Supreme Court in the case of Pickett v. Bishop, 148 Tex. 207, 223 S.W. 2d 222, where it is held:

"The settled rule in this state is that such a description, by reason of the use in the memorandum or contract of such words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum. (citing cases.) The stated ownership of the property is in itself a matter of description which leads to the certain identification of the property and brings the de-

scription within the terms of the rule that 'the writing must furnish *within itself,* or by reference to some other existing writing, *the means or data* by which the particular land to be conveyed may be identified with reasonable certainty.' (Emphasis added.) (citing cases)."

The judgment of the trial court is reversed and the cause is remanded.