Maximino **CARRALES** et ux., Appellants,

v.

**CITY OF KINGSVILLE,** Appellee.

No. 4404.

Court of Civil Appeals of Texas.

Waco.

Sept. 2, 1965.

Bonilla, DePena, Read & Bonilla, Corpus Christi, for appellants.

Glusing & Sharpe, W. C. McDaniel, Kingsville, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment that plaintiffs Carrales take nothing.

Plaintiffs filed suit for damages against defendant City on account of the death of their 2 year old son, who drowned when he fell into a City water meter hole which was left uncovered by City employees.

Defendant City filed motion for summary judgment on the ground that plaintiff had failed to give the City notice as required by the City's Ordinance and which is a condition precedent to liability of the City.

The Trial Court granted defendant City's motion and entered judgment that plaintiffs take nothing.

Plaintiffs appeal, contending the trial court erred in granting summary judgment against them and that the letter written by their attorney to the City was in substantial and sufficient compliance with the defendant City's Ordinance.

The City's Ordinance provides:

"Liability of City. Before the City shall be liable for accidental death,
personal injuries of any kind * * * the claimants or survivors in a death claim, or the persons injured * * *, or someone in their behalf, shall give the Mayor and Commission notice in writing of such injury * * *, duly verified within 60 days after the same has been sustained, stating on such written notice when, where, and how the injury * * * occurred, the apparent extent thereof, the amount of damages sustained, the amount for which the claimant will settle, the street and residence number of the claimant at the time and date the claim was presented, and the actual residence of such claimant for the 6 months immediately preceding the occurrence of such injuries * * *, and the names and addresses of the witnesses upon whom he relies to establish his claim; and a failure to so notify the Mayor and Commission within the time and manner provided herein shall exonerate, excuse and except the City from any liability whatsoever."

The letter written by plaintiffs' attorney is as follows:

"March 25, 1964
Registered Mail

"City Mayor
City Hall
Kingsville, Texas

Dear Sir:

Maximo Carrales and his wife have employed me to represent them in connection with their claim for damages sustained as a result of the loss of their 2 year old child, Ruben Carrales.

"On March 20, 1964, Ruben Carrales fell inside a water meter owned and maintained by the City of Kingsville, and as a result of the fall, the child drowned. City employers investigated the matter and obtained signed statements from witnesses confirming what actually occurred on March 20, 1964.

"You can understand the grief suffered by my clients in this matter, and you

can understand the suffering endured by Ruben Carrales, a 2 year old child, while struggling in the muddy water inside the water meter located in front of 1203 East Yoakum Street in Kingsville, Texas.

Should you desire written information to enable you to make a complete investigation of this matter, do not hesitate to call on me. Should I not hear from your insurance carrier within the very near future, however, it will be necessary that I file suit in behalf of Mr. and Mrs. Carrales. Thanks for your attention to this matter.

> Yours very truly,
> /s/ WILLIAM D. BONILLA
> CC City Attorney
> City Hall
> Kingsville, Texas
> City Manager
> City Hall
> Kingsville, Texas."

Defendant City asserts, among other things, that the letter is fatally defective and not in compliance with the City's Ordinance because it is not verified by affidavit or acknowledgment.

 Ordinances such as here, requiring a written claim for death or personal injury against a city to be filed within a specified time, are mandatory, and such filing is a condition precedent before a suit can be maintained against the City for such injury. City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692; Phillips v. City of Abilene, CCA, Er. Ref., 195 S.W.2d 147.

 Moreover, our courts have almost without exception required strict compliance with charter provisions and ordinances of this nature. Cawthorn v. City of Houston, Comm.App., 231 S.W. 701; Gardner v. City of Houston, CCA, (n. w. h.) 320 S.W.2d 715; Robinson v. City of Hereford, CCA, (n. r. e.) 324 S.W.2d 313.

 Where verification is required by the City Ordinance, as here, the notice must be verified to be effective, and such requirement is held to be a matter of substance and not of mere form. 38 Am.Jur. p. 395; 51 A.L.R.2d p. 1149; 63 C.J.S. Municipal Corporations § 925, p. 366.

 Because plaintiffs' notice was not verified as required by the defendant City's ordinance, such notice is not in substantial and sufficient compliance with the City's ordinance.

Affirmed.