**Birdie Mae PENNY et vir, Appellants,**

v.

**CITY OF TEXARKANA, Texas, Appellee.**

**No. 7702.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 15, 1966.

Rehearing Denied March 29, 1966.

William A. Barber, Jr., Texarkana, for appellants.

William E. Wiggins, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a common law negligence action. The judgment of the trial court is reversed and the case remanded.

In the district court, after the plaintiff Birdie Mae Penny tendered evidence in support of her suit to recover damages for personal injury, the defendant, City of Texarkana, Texas, moved the trial judge to direct the jury to return a verdict for the city. The motion was granted and thereafter judgment was entered that Birdie Mae Penny take nothing.

The City of Texarkana, as appellee, urges affirmance of the trial court's judgment on two basic propositions, first, because Birdie Mae Penny failed to give the City notice of her claim in compliance with City Charter provisions; and second, on the two-pronged contention that there was a material variance between her Notice of Claim and the proof and her pleadings and the proof.

Testimony was offered by Birdie Mae Penny that her Notice of Claim against the City of Texarkana was timely delivered to a City Councilman and a receipt therefor obtained from him. Art. XVII, Sec. 4 of the City Charter of Texarkana, Texas, provides that a claimant in a case of this nature shall give the City Council notice in writing of her claim,

describing when, where and how she was injured, etc. The validity of this Charter provision is not questioned. The Charter, however, does not set out a procedure for service of the required Notice on the City Council. In Jones v. City of Fort Worth, (Comm.App.1924) 267 S.W. 681, op. adpt., it was held that in the absence of a prescribed service procedure "any method of service that affords the city its substantial rights in the matter of such service ought to be, and is, sufficient." The Supreme Court in a later case, McLendon v. City of Houston, 153 Tex. 318, 267 S.W.2d 805, quoted and re-affirmed the concept expressed by the above extract from Jones v. City of Forth Worth, and in the appeal before it held that a letter addressed to the Mayor and City Council, which was delivered to the City Secretary before the expiration of the period allowed for notice but after expiration of that period delivered by the City Secretary to the Mayor, was a sufficient compliance with the provisions of a charter that required notice in writing to the Mayor and City Council. The service in the present case was adequate under these authorities.

In paragraph 3 of her Notice of a Claim, Birdie Mae Penny asserted the City allowed grass to grow up, cover and "conceal a hole in the earth adjoining the public walkway or path in front of the house numbered 1108 West 14th Street". In her trial petition, paragraph 3, she states that the City allowed the grass to grow up, cover and "conceal a hole in the earth on the public walkway or path in front of the house numbered 1108 West 14th Street, Texarkana." The variance charged is that the proof does not support the allegation made by the underscored words.

Photographs and other evidence show the path referred to in the Notice and Pleadings to be located on the north side of West 14th Street, about midway between the curb and adjoining property lines, meandering in an east and west direction generally parallel to the curb of the paved street.

The north side of the street in the area of interest is solidly covered with vegetation, grasses principally, except in the footpath. The carpet of vegetation in the pathway is so trampled and worn that the footpath is very distinct and appears bare with a ragged fringe of grass along its sides. Observed from the east, there is visible in the area in front of the house numbered 1108 West 14th Street the lid of a water meter at the left edge of the path, and just beyond the water meter the path is seen to turn slightly southward toward the street. This curve in the path causes it to skirt around the spot identified as the hole figuring in the lawsuit. Had the path continued straight, instead of curving, it would have passed directly over the location of the hole. Grassy vegetation with stems and blades several inches in length rims the hole.

■ Within the sphere of the purpose, function and operation of the Notice of Claim and of the plaintiff's petition the allegations therein locating the hole do not vary from the location shown by the evidence. The allegations that the hole was "adjoining" the walkway or path in one instance and "on" the walkway or path in the other should not be considered in a vacuum, opposed one to the other, thereby reducing the issue to mere logomachy, but rather the question of variance should be determined from the allegations made and the facts proved. The legitimate issues presented by the counter points of error are whether or not the facts alleged correspond with the facts proven or vary therefrom in such degree as to defeat the purpose * of notice or pleading.

In giving the required notice, Birdie Mae Penny alleged the location of the hole as an incident in her description of where and how her injury occurred. The facts heretofore related are subject to the construction that the hole did adjoin the dirt path. The notice put the City in possession of this incidental fact, which together with the other information it contained, permitted a proper investigation to be made of the condition of the path at the point mentioned. See City of Abilene v. Fillmon (Tex.Civ. App.), 342 S.W.2d 227, N.R.E.; Annotation, 52 A.L.R.2d 966. No variance is shown.

■ Respecting a variance between Birdie Mae Penny's petition and the proof, the evidence is subject to a construction that the hole was actually in the walkway or path, and that pedestrians stepped around it. Aside from that construction however, under the fairly liberal principles that govern questions of correspondence between pleading and proof, the judgment entered can not be supported. In Pleadings, 46 T.J. 2d 166 Sec. 271, some of the rules applicable are stated in this language:

"* * * To be fatal, a variance must be a substantial, misleading and prejudicial departure. * * * It is well settled that not every actual variance of some feature of the proof from the pleadings, such as goes to mere circumstances, incidents, or causes that only

---

* In City of Waco v. Landingham (Tex.Civ. App.) 158 S.W.2d 79, wr. ref., it is said:
"It is generally held that the purpose of the notice, such as is here required by the city charter, is to advise the municipality in what the alleged negligence consists and give it an opportunity to investigate while the facts are fresh and the conditions remain substantially the same, thereby enabling it to better guard against fraudulent and unfounded claims and to settle the claim and avoid litigation, or to prepare for trial if it decides not to make settlement. 43 C.J. 1185. There must at least be a sub-

stantial compliance with the statute. The description of the cause or circumstances of the jury must be sufficient to direct attention with reasonable certainty to the substantial defect or act of negligence for such recovery is demanded. 43 C.J. 1200. * * *"
The rule of thumb is that the allegations of a pleading must give fair notice of what is relied upon as a ground of recovery. Rule 45 Texas Rules of Civil Procedure; XX Texas Law Review 16; 2 Texas Civil Practice Sec. 5.02, page 478; 45 Tex.Jur.2d 363, Sec. 5.

contributed to the main declaration, is considered to be a material one, where the variance does not go down to the structural nature of the cause of action declared on. * * * But where a party is not taken by surprise by the evidence introduced, an objection to the reception of evidence for variance may, with propriety, be overruled."

If the variance suggested by the City did in fact exist there is no showing of surprise nor that the City was misled or prejudiced. No material variance is shown.

The conclusions stated obviate any need for discussion of all the questions raised by the parties' briefs, though they have been carefully considered, as the decision on them does not change the disposition required to be made of the appeal. The judgment of the trial court is reversed and the case remanded for new trial.