J. H. COOPER et ux., Appellants,

v.

CITY OF ABILENE, Appellee.

No. 4161.

Court of Civil Appeals of Texas.

Eastland.

April 28, 1967.

Rehearing Denied May 26, 1967.

Schulz & Hanna, Yates & Yates, Abilene, for appellants.

Don R. Butler and Gary F. Dennison, City Atty., Abilene, for appellee.

GRISSOM, Chief Justice.

J. H. Cooper and wife sued the City of Abilene. They alleged the City was liable for injuries sustained by Mrs. Cooper when she stepped into a ditch at night. They alleged that the Coopers were attending a meeting at a school and when Mrs. Cooper alighted from a car she stepped into a ditch and fell. Ten days after the alleged injury the Coopers' attorney wrote the City as follows:

"The Mayor and City Commissioners
City of Abilene
PO Box 60
Abilene, Texas.

Gentlemen:

This is to advise you of the claim of J. H. Cooper of Abilene, Texas, for injuries sustained by his wife, Eva Lee Cooper, in the following manner:

On October 5, 1965, at about 7:20 p. m. Mr. and Mrs. Cooper were enroute to a P.T.A. meeting at Milam School, and Mr. Cooper parked his automobile along the South curb of Lowden Street, East of the intersection of Hickory and Lowden Streets. After Mrs. Cooper got out of the car on the passenger side, and started around the car, she fell into a pit, or hole, which extended from the curb of Lowden Street several feet South. Mrs. Cooper sustained cracked ribs, cartilage damage, together with undetermined back and leg injuries.

CC: Mrs. Lila Fern Martin,
City Secretary
P.O. Box 60,
Abilene, Texas."

The City filed a motion for summary judgment because the Coopers had failed to comply with requirements of the City Charter for notice of injury as a condition precedent to liability. Said motion was sustained, judgment was rendered for the City and the Coopers have appealed. The Charter provision reads as follows:

"Section 125: The City shall never be liable for any personal injury, whether resulting in death or not, unless the person injured or someone in his behalf, or in the event the injury results in death, the person or persons who may have a cause of action under the law by reason of such death injury, shall file a notice in writing with the City Secretary within thirty (30) days after the same has occurred, stating specifically in such notice when, where and how the exact injury occurred, the full extent of the injury, the amount of damages claimed or asserted, and a list of persons, if known, who witnessed the injury. The City shall never be liable for any claim for damage or injury to personal property unless the person whose personal property has been injured or damaged, or someone in his behalf, shall file a claim in writing with the City Secretary within (30) days after said damage or injury occurred, stating specifically when, where and how the injury was sustained. The person giving notice under this Section shall subscribe his name to the notice under oath that the statements and facts contained in said notice are true and correct."

Appellants' points are, in substance, that the court erred in rendering summary judgment for the City because (1) the requirement of verification is directory, not mandatory; (2) the requirement of a written statement within 30 days of the "full extent" of the injuries and the "amount of damages claimed" is unreasonable and void and (3) requirements relative to notice have no application to a situation where, as here, the injury of one person results in a cause of action in favor of another, such as an injury to a wife with consequent cause of action in the husband. We have considered the able brief and argument of appellants which in a case of first impression might persuade us to hold otherwise, but we are convinced that, under established law, the judgment is correct. Some of the

requirements mentioned that appellants did not attempt to comply with were, we think, mandatory and the court did not err in sustaining the motion and rendering judgment for the City.

In Robinson v. City of Hereford, Tex. Civ.App. 324 S.W.2d 313, 320 (Ref. n. r. e.), it was held in effect that such requirements were mandatory and a condition precedent to maintenance of a suit against the City and that a comparable letter did not constitute compliance with said requirements. In City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692, the Commission of Appeals in an opinion adopted by the Supreme Court held that compliance with a charter provision requiring written notice of injury within thirty days was a condition precedent to the right to maintain suit against the City. In Phillips v. City of Abilene, Tex.Civ.App., 195 S.W.2d 147 (Writ ref.), we held that the requirements of said Charter that a written claim for injury be filed within thirty days was mandatory and a condition precedent to maintenance of such a suit and, further, that this was true despite the fact that City officials had actual knowledge of all the facts required to be stated in such notice. We held that one of the purposes of that ordinance in making such requirements was to put the claimant on record as to how the accident occurred, the nature and extent of the injuries suffered and the time and place thereof, so as to prevent such matters resting in parol until the time of trial. We further held that the doctrine of estoppel could not be invoked to nullify such mandatory requirements of the ordinance. In City of Waco v. Landingham, Tex.Civ.App., 158 S.W.2d 79 (Writ. ref.), in an opinion by Judge Alexander there was a like holding. It was also there held that any material variance between the facts that caused the injury, as stated in the notice and upon the trial, was fatal. There are holdings to the same effect in the more recent case of Carrales v. City of Kingsville, Tex.Civ.App., 393 S.W.2d 952.

To comply with said charter requirements the notice of a claim must, among other things, show:

"(5) The amount of damages claimed or asserted must be set forth.

(6) All known witnesses must be listed.

(7) It must be verified under oath."

It is doubtful that the notice was sufficient to comply with some other requirements, but it is obvious that there was no attempt to comply with numbers 5, 6 and 7. There was no effort to state specifically "the amount of damages claimed", a "list of persons—who witnessed the injury" or to subscribe the name of the claimant "under oath that the statement of facts— in said notice are true and correct", as required by the charter. See 38 Am.Jur. Sec. 697, Page 43 (1966 Cumulative Supplement) and Dracopoulas v. Rachal (Sup. Ct.), 411 S.W.2d 719, 722.

Appellants say said notice requirements are not applicable where the husband is seeking recovery for his wife's injuries. Under the express provisions of the Charter they are applicable here. In Ellis v. City of San Antonio, Tex.Civ.App., 341 S.W.2d 508 (Ref. n. r. e.), it was held proper for the husband to file such a claim. The defect urged by appellee is not that the wrong person made the claim but that the required notice of the claim was not filed. We think that proper notice was not given and that mandatory requirements were not met, such as filing such statement under oath. One of the recognized purposes of such requirements is to put the claimant on record as how the accident occurred, the nature and extent of the injuries, the amount of damages claimed, and the witnesses, stated under oath, so that the City may promptly investigate and settle or prepare for trial and that such matters be stated under oath and shall not rest in parol until the trial.

Appellants' points are overruled. The judgment is affirmed.