**T. J. OSTREWICH, Appellant,**

v.

**CITY OF HOUSTON et al., Appellees.**

**No. 16.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Sept. 20, 1967.

Rehearing Denied Oct. 11, 1967.

Jack Blalock, Jr., Houston, for appellant.

Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Richard E. Anderson, Asst. City Atty., Houston, for appellees.

JOHNSON, Justice.

This is a suit by T. J. Ostrewich, complaining of the City of Houston and Brooks Sandwich Shops for personal injuries allegedly suffered by his wife, Mrs. Anne Marie Ostrewich, when she stepped

into a hole on a public street in the City of Houston on or about July 1, 1960.

The case came to trial to a jury. The appellants, hereinafter referred to as plaintiffs, introduced their evidence and after having concluded same and rested, the defendant, Brooks System Sandwich Shops, and appellee, City of Houston, filed and presented respective motions to withdraw the case from the jury and to render and enter judgment for the defendants. The trial court sustained each and both of said motions, and rendered and entered judgment that plaintiff take nothing and in favor of each of said defendants. Plaintiff does not appeal the action of the trial court in granting the motion of the defendant, Brooks System Sandwich Shop, but does appeal from such action and judgment of the trial court for the City of Houston.

Though there are counter points of error concerning insufficiency of the evidence and contributory negligence, each of these have been expressly waived in oral argument before this court by the City of Houston. The sole point of error presented in the instant case, therefore, concerns the adequacy of the notice of injury and claim for damages made to the City by the plaintiff as required by Article IX, Section 11, of the Charter of the City of Houston. The applicable section of the City's Charter provides as follows:

"Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle,

and actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing herein shall be construed to effect or repeal Section 12 of Article IX of this Charter.

(Act of 1905, as amended, 1913.)"

Pursuant to this provision of the Charter of the City of Houston, the plaintiff made his notice of claim by the following letter addressed to the Mayor and City Council:

"My name is Mrs. Anne Marie Ostrewich. On Friday, July 1, 1960, at 8:30 p.m., I was injured as a result of stepping into an open hole located on Rosewood Street approximately 50 feet west of the intersection of Rosewood and South Main Streets, in the City of Houston, Harris County, Texas.

"As I was crossing Rosewood Street, which is extremely dark and unlighted in this area, and prepared to step from the street up onto the sidewalk which parallels it, I stepped into an open hole which was filled with oily water. The hole is located in the gutter extending out into the street, and is approximately two feet in diameter and eight inches deep. It seems to have been created by a small stream of water which runs from behind One's A Meal Restaurant, located on the corner of Rosewood Street and South Main Street; thence under the sidewalk where it is covered by a steel plate, and into the street.

"When I unexpectedly stepped into the hole, I fell down in the street and partly in the hole, severely injuring my foot

and hip, and ruining my clothing, all to my damage in the amount of $20,000.00. I would be willing to settle this claim with the City of Houston for $20,000.00.

"My permanent address is Rio Missouri, 329, Ote Colonia Del Valle, Monterrey, N. L., Mexico. My residence at the time of the incident referred to herein was a motel, exact name unknown, located on South Main Street, in Houston, Texas.

"This incident was witnessed by my husband and my son, who where accompanying me to the Delman Theater at the time is transpired. My husband, whose name is T. J. Ostrewich, resides with me at the address in Monterrey, Mexico. My son is a student at the University of Houston, and resides at 418 West Alabama Street, Houston, Texas. Mrs. Anne Smith, who is my son's landlady, although she was not present at the time of the incident herein referred to, can testify as to my condition before and after the incident."

The question is presented as to whether or not this notice, sworn to and timely filed, complies with the requirement of the Charter of the City of Houston as to "when," "where," and "how" the claimed injuries and damages occurred. It is initially obvious that the "when" and "where" requirements are sufficiently met by plaintiff's letter, but the sufficiency of the notice to comply with the "how" requirement of the City's Charter is the issue in this instance. The effect of the trial court's judgment is that the requirement of the City Charter in this respect has not been complied with. We disagree, and for this reason, reverse.

This provision of the City of Houston's Charter has been presented before the appellate courts of this state in a number of instances. See Bates v. City of Houston, Tex.Civ.App., 189 S.W.2d 17, Ref. w. m.; Wones v. City of Houston, Tex.Civ.App., 281 S.W.2d 133 (1955) no writ; Gardner v. City of Houston, Tex.Civ.App., 320 S.W.2d 715 (1959) no writ; City of Houston v. Holden, Tex.Civ.App., 336 S.W.2d 193 (1960) error ref., n. r. e.; City of Houston v. Hagman, Tex.Civ.App., 347 S.W.2d 355 (1961) error ref., n. r. e.; City of Houston v. Glover, Tex.Civ.App., 355 S.W.2d 757 (1962) error ref., n. r. e.; City of Houston v. Watson, Tex.Civ.App., 376 S.W.2d 23 (1964) error ref., n. r. e.; Dancer v. City of Houston, 384 S.W.2d 340 (Tex.S.Ct.1964); and Hutson v. City of Houston, Ct. of Civ. App. of Houston, 418 S.W.2d 911 (September 13, 1967).

The purpose of the notice provision is to give the City an opportunity to investigate while the facts are fresh and conditions remain substantially the same, thereby enabling the City to guard against fraudulent and unfounded claims and to settle the claim or prepare for trial. City of Waco v. Landingham, Tex.Civ.App., 158 S.W.2d 79, error ref. There must be substantial compliance with the statute. The description of the cause or circumstances of the injury must be sufficient to direct attention with reasonable certainty to the substantial defect or act of negligence for which recovery is demanded. City of Houston v. Hagman, supra. Compliance with the Charter provision is mandatory and a condition precedent to filing and prosecuting a suit for damages resulting from personal injuries, Wones v. City of Houston, supra. But "[t]he provisions of the City Charter are not such as to require the injured party to state the acts and omissions of negligence he expects to rely upon in court with the same particularity and meticulosity that may be required in pleadings." City of Houston v. Watson, supra.

Here there was substantial compliance with the Charter provisions by setting forth the essential facts, clearly stated, from which all of the logical conclusions could be drawn. The City was given a full opportunity to investigate the facts while the conditions remained sub-

stantially the same, to guard against the claim if it were fraudulent or unfounded, and to fully prepare for trial. By the notice the City was fairly apprised in clear and understandable language of the manner in which the claimed injuries occurred. We hold that where there is substantial compliance with the Charter provision, where the essential facts are clearly stated, and where by notification the City is fairly apprised of the manner and means whereby claimed injuries or damages occurred, that this is sufficient notice to the City and is all that is, or should be, required.

While the purpose of notice requirements is deemed for the corporate good, they make for a significant difference in position between the city and an ordinary defendant. They place an immediate burden upon a claimant and, if not fully complied with, leave him without remedy. As the Commission of Appeals has stated in Cawthorn v. City of Houston (Tex.Com.App. 1921) 231 S.W. 701, 704:

"In attempting to construe provisions like the one now being considered, we are in complete accord with Section A of the Commission of Appeals in the case of the City of Dallas v. Shows, supra [Tex.Com.App., 212 S.W. 633], when the court says: 'The requirement of notice of injury as a condition precedent to an action, while valid and in accord with sound public policy, is in derogation of common right, and should therefore be construed with reasonable strictness, and not extended by implication beyond its own terms, or held to apply to such damages as are not within its clear intent.' 28 Cyc. 1450."

The court further stated, 231 S.W. at p. 706, "This Charter provision is hard enough at best, on those who are injured by the city. It is in derogation of common right."

A variation was presented by the San Antonio Court of Civil Appeals in the City of San Antonio v. Ramundo, 411 S.W.2d 428. Here the primary question was the variance of the notice given to the city to the facts that were established at the trial. The Supreme Court affirmed the Court of Civil Appeals in the Ramundo case on other grounds but in its per curiam opinion, pointedly disapproved of the holding of the divided lower appellate court to the effect that the plaintiff was precluded from recovery against the city because of the insufficiency of the notice. Ramundo v. City of San Antonio, 416 S.W.2d 395 (Tex.S.Ct.1967). The Supreme Court's expression on this subject would seem to strongly indicate that specific grounds of negligence need not be included in the notice to the city. Of particular interest in this respect is the dissent by Chief Justice Murray, of the Court of Civil Appeals, in City of San Antonio v. Ramundo, supra, 411 S.W.2d at p. 435.

In the case at bar the City's Charter provision relative to the notice makes a requirement in derogation of a common right which should be reasonably construed against the city. Such construction does not encompass the pattern of technical legal pleadings that only attorneys are equipped to prepare and file in the preparation for trial. It does not contemplate the details that so often are available only after discovery procedures have been exhausted. It does not require technical words of art or the subtleties of legal drafting. Facts, and facts only, are required. These were here given.

The judgment of the trial court is reversed and the cause remanded for trial on the merits.