Kate **FORBES** et al., Appellants,

v.

**W. P. FORBES, Jr.,** Appellee.

No. 7792.

Court of Civil Appeals of Texas.

Amarillo.

July 22, 1968.

Rehearing Denied Aug. 26, 1968.

Huffaker & Green, Tahoka, Harold Green, Tahoka, of counsel; McGowan, McGowan & Prigmore, Brownfield, for appellants.

H. B. Virgil Crawford, Brownfield, for appellee.

DENTON, Justice.

This is a suit by Kate Forbes, individually, and as independent executrix of the Estate of W. P. Forbes, Sr., deceased, and other heirs of W. P. Forbes, Sr. against W. P. Forbes, Jr. to determine the ownership of certain irrigation equipment. The trial court without a jury entered judgment for the defendant.

Appellants bring forward numerous points of error, however, the ultimate questions to be decided are whether or not there is any evidence and/or sufficient evidence to support the trial court's findings that the deceased and his wife, Kate Forbes, made a gift of the irrigation equipment in question

to one of their sons, Charlie Carol Forbes. The trial court filed findings of fact and conclusions of law.

Charlie Carol Forbes, referred to throughout the trial as Carol, the son of W. P. Forbes, Sr. and Kate Forbes, was released from prison in the latter part of January, 1963. When he returned to the home of his parents in Terry County they arranged for him to farm some 300 acres of their land. This farm had an 8″ and a 4″ irrigation well and included two motors, two pumps and a butane tank in addition to irrigation pipe. The parents were unwilling to finance his farming operation themselves and suggested he get a loan from a local bank. He offered the above irrigation equipment as security for such loan. The real dispute here is whether Mr. and Mrs. Forbes gave the irrigation equipment to Carol as a gift or only permitted him to use this equipment as security for the loan. It seems to be undisputed a bank official did contact the senior Mr. Forbes after which he accepted the irrigation equipment as collateral and extended Carol a loan for approximately $2,800.00 on February 14, 1963. After a few weeks of farming Carol admitted he "just couldn't make a go of it". He soon spent all the money he had borrowed from the bank, and more, for other than farming operations. This is by his own admission as well as several bad checks he gave in the community. He then agreed to let W. P. Forbes, Jr., his brother and appellee here, "take over and I told him he could take over for what I had in it; that I was going to lose it anyway". W. P. Forbes, Jr. did on March 14, 1963 assume Carol's indebtedness to the bank and farmed the land that year and three years more through 1966. It is undisputed W. P. Forbes, Jr. paid the indebtedness in full and continued to use the irrigation equipment during the four years he farmed this 300 acres. W. P. Forbes, Jr. contends his parents gave this equipment to Carol, who in turn gave it to him in consideration of his taking over the farming operation and assuming the bank loan.

In its findings of fact and conclusions the trial court found, among other things, that W. P. Forbes, Sr. and wife gave the irrigation equipment in question to Carol Forbes to assist him in starting his farming operation; that Carol gave a chattel mortgage on the property and that his parents had knowledge of such mortgage; that Carol and W. P. Forbes, Jr. made an agreement whereby the property was given to W. P. Forbes, Jr. in consideration of the latter taking over the farming operation; and that W. P. Forbes Jr. did in fact assume and pay off the indebtedness and did farm the land as agreed upon.

■ The findings of fact in a case tried to the court without a jury are not conclusive on appeal when a statement of facts appear in the record as in the instant case. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156 and Kroger Co. v. Warren (Tex.Civ.App.) 420 S.W.2d 218. In passing upon appellants' points of error that there is no evidence and insufficient evidence to support the trial court's findings, we will review the evidence in conformity with the rules presented in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Our courts have uniformly held that in order to constitute a valid gift inter vivos there must be a delivery of possession of the subject matter of the gift by the donor to the donee; and the intention on the part of the donor to vest in the donee unconditionally and immediately, the ownership of the property delivered. Wells v. Sansing, 151 Tex. 36, 245 S.W.2d 964 and Garrett v. Hunt (Tex.Com.App.) 283 S.W. 489 and Garcia v. Pellegrin (Tex.Civ.App.) 411 S.W.2d 554. It is also settled the burden of proving a gift inter vivos is upon the party claiming under the gift. Garcia v. Hunt, supra; Powell v. Wiley (Tex.Com. App.) 141 Tex. 74, 170 S.W.2d 470 (opinion adopted); Wells v. Ward (Tex.Civ.App.) 207 S.W.2d 698 (ref'd n. r. e.).

In construing the evidence most favorable to the trial court's findings we conclude there is some evidence to support such find-

ings. The alleged donee, Carol Forbes, testified that when he returned from the penitentiary his father gave him the irrigation equipment when he was permitted to farm the 300 acres. His testimony was also to the effect he so informed the bank prior to mortgaging the equipment. It was admitted by Kate Forbes, the mother of Carol, and Harol, his brother, that Mr. and Mrs. Forbes gave their consent to Carol to mortgage the equipment. It is undisputed that they had knowledge of the mortgage. All agreed Carol did in fact take possession of the equipment on or about February 1, 1963 when he began farming the designated land.

On the other hand, there was positive testimony that the irrigation equipment was not given to Carol Forbes. Mrs. Kate Forbes positively testified she and her late husband did not give the equipment to Carol or anyone but "we let him use it—so he could borrow money on it to furnish hisself so we wouldn't have to do it". Harol Forbes was present when Carol executed the chattel mortgage and testified his parents did not make a gift to Carol but "authorized him to use it" as collateral for a loan. Joseph Minton, the husband of one of the Forbes' daughters, corroborated much of the testimony concerning the family discussions and disposition of the family property. There was testimony from Leo Wenzel that W. P. Forbes, Sr. offered to sell him the 300-acre farm in December, 1965 shortly prior to Mr. Forbes's death and that the offer included all irrigation equipment involved here. It was stipulated W. P. Forbes, Sr. and his wife listed this same equipment on their 1963, 1964 and 1965 income tax returns. W. P. Forbes, Jr. admitted his corresponding income tax returns did not list this equipment. His explanation was it was not necessary as he did not owe a tax for those years. However, the listing of this irrigation equipment by W. P. Forbes, Sr. and wife during this period is clear evidence of their intention not to make a gift of the equipment. W. P. Forbes, Jr. continued to farm the 300 acres through 1965 under an oral lease but apparently because of some dissatisfaction on the part of his brothers and sisters, a written lease was entered into for the year 1966. This lease executed by Kate Forbes and the appellee contains the following language: "Landlord owns irrigation well pumps and irrigation electric motor as well as all 4″ and 6″ sprinkler pipe with its fittings all of which tenant can use in farming said land." In considering all the evidence we are convinced the evidence is insufficient to support the findings of the trial court that a gift of the irrigation equipment was made by Mr. and Mrs. W. P. Forbes, Sr. to Carol Forbes; and that the trial court's findings in this respect are against the great weight and preponderance of the evidence.

■ A careful consideration of the statement of facts gives a picture of two parents anxious to give their wayward son an opportunity to prove himself by turning over 300 acres of land to him and permitting him to mortgage their own irrigation equipment in order for him to obtain financial assistance. Nothing, except Carol's testimony that his father "gave" him the equipment shows an intention on the part of the senior Forbes to vest ownership of the equipment in Carol. Appellee makes no claim the equipment was given directly to him. He claims under the gift made to Carol. There being no valid gift to Carol the appellee's claim to the equipment cannot be sustained.

■ The trial court found that certain acts on the part of Mr. and Mrs. Forbes, Sr. constituted estoppel. There are no pleadings on the part of appellee that will support estoppel. Estoppel must be affirmatively pleaded. Bickler v. Bickler (Tex. Civ.App.) 391 S.W.2d 106, judgment affirmed in part and reversed on other grounds in part, Supreme Court 403 S.W.2d 354, Rule 94 Vernon's Ann.Texas Rules of Civil Procedure. We are of the further opinion there is no evidence to support the essential elements of estoppel. 22 Tex.Jur.2d 688, Sec. 8.

The judgment of the trial court is reversed and the cause is remanded for a new trial.