**Robert A. BOWLING et ux., Appellants,**

**v.**

**CITY OF PORT ARTHUR, Appellee.**

**No. 7671.**

Court of Civil Appeals of Texas, Beaumont.

March 13, 1975.

city manager duly acknowledged receipt of the notice, that city officials inspected the sewer system, but did not compensate them for their damages. The prayer for relief set out in detail the damage to plaintiffs' home when the sewer pipes therein ruptured through the city's negligent operation and maintenance of the sewer lines thereto. In a very general manner, plaintiffs also sought a recovery for "physical impairment due to inhalation of hydrogen sulfide gas."

Defendant's pleadings put in issue the validity of the notice of claim for damages as required by its charter, pointing to the fact that the notice given was deficient in several respects, inter alia: (a) it was not verified; and (b) it was directed to and served upon the city manager, not the city commission of the defendant. It is conceded by the parties that the charter provision required verification of the notice and service upon the commission, not the manager.

Jon Burmeister, Port Arthur, for appellants.

Charles S. Pipkin, Beaumont, for appellee.

KEITH, Justice.

We withdraw our prior opinion filed February 20, 1975 and substitute this opinion in lieu thereof.

Plaintiffs below appeal from a summary judgment entered in favor of the defendant, City of Port Arthur, and we will designate the parties as they appeared in the trial court. Plaintiffs sued for damages proximately caused by city's negligence in the operation of its sanitary sewer system. Plaintiffs alleged that they gave written notice of the happening within the time required by the charter of the city, that the

The date of the rupture was fixed as December 10, 1971.[1] Chief Justice Chadick, speaking for the court in City of Texarkana v. Taylor, 490 S.W.2d 191, 192 (Tex.Civ.App.—Texarkana 1972, writ ref'd n. r. e.), has collected an imposing array of cases holding: (a) the city is immune from liability for negligence in the performance of governmental functions, except as modified by the Texas Tort Claims Act [Vernon's Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970)], and (b) the maintenance and operation of a sanitary sewer system by a city is a governmental function.

Defendant, citing Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.1970), asserts that while the motion for summary judgment contained several grounds and the trial court's judgment granted the motion generally, plaintiffs' sole point is directed to the notice question. Thus, it is

---

1. Upon the date of the incident made the basis of this suit, Section 3 of Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970), provided for a limited waiver of governmental immunty only as to personal injuries or death. Waiver of immunity as to property damages was not added until after the incident involved in this case. See, Acts 1973, 63rd Leg., p. 77, ch. 50, § 1, effective August 27, 1973.

argued, an affirmation is required since, in the language of *Malooly*: "The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment." See also, Watson v. Glens Falls Insurance Company, 505 S.W.2d 793, 797 (Tex.1974).

Plaintiffs urge upon us a line of cases [2] holding that there need not be letter-proof compliance with the charter provision with reference to notice, saying that a "substantial" compliance will suffice. We have given careful consideration to each of the cited cases and none involved the defects noted earlier: lack of verification and service upon an unauthorized person.

■ In Carrales v. City of Kingsville, 393 S.W.2d 952, 954 (Tex.Civ.App.—Waco 1965, no writ), the court noted that the requirement of the written notice and claim is mandatory and a condition precedent to the maintenance of a suit against the city, and continued:

"Where verification is required by the City Ordinance, as here, the notice must be verified to be effective, and such requirement is held to be a matter of substance and not of mere form."

Since the notice was not verified in *Carrales*, the summary judgment in favor of the city was affirmed. A similar result was reached in Cooper v. City of Abilene, 416 S.W.2d 562, 564 (Tex.Civ.App.—Eastland 1967, no writ).[3]

■ City, citing only City of Ft. Worth v. Shero, 16 Tex.Civ.App. 487, 41 S.W. 704 (Ft. Worth 1897, writ ref'd), also contends that service of the notice upon the city manager, rather than upon the city commission as required in the charter, rendered it completely ineffective. The holding of *Shero* was weakened seriously by the decision of our Supreme Court in McLendon v. City of Houston, 153 Tex. 318, 267 S.W.2d 805, 808 (1954). We are not prepared to hold, under this record, that the service upon the city manager was ineffective. *McLendon*, supra; Penny v. City of Texarkana, supra, fn. 2.

■ Plaintiffs contend that, by its conduct after the receipt of the notice, city waived strict compliance with the charter provision with reference to notice and that it was estopped to rely upon a failure to comply with the notice provision. We disagree.

The very charter provision requiring the giving of the notice contained this language:

"No act of any officer or employee of the City shall waive compliance, or estop the City from requiring compliance, with the provisions of this Section as to notice."

■ Plaintiffs were charged with notice of the limitation upon the authority of city's officers and agents and are deemed, in law, to have known the extent of authority (or lack thereof) of such officers. City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448, 452 (1947); City of San Antonio v. Guido Bros. Construction Co., 460 S.W.2d 155, 164 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.).

2. E. g., City of Waco v. Landingham, 158 S. W.2d 79 (Tex.Civ.App.—Waco 1940, writ ref'd); City of Austin v. Selter, 415 S.W.2d 489 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.); City of Temple v. Wilson, 365 S.W. 2d 393 (Tex.Civ.App.—Austin 1963, writ ref'd n. r. e.); City of Houston v. Watson, 376 S.W.2d 23 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); Ostrewich v. City of Houston, 419 S.W.2d 247 (Tex.Civ.App.—Houston [14th Dist.], 1967, no writ); Penny v. City of Texarkana, 400 S.W.2d 797 (Tex.Civ.App. —Texarkana 1966, writ ref'd n. r. e.).

3. *Carrales* and *Cooper* were cited with approval in McCrary v. City of Odessa, 482 S.W.2d 151, 153 (Tex.1972), for the statement: "Several Texas decisions have sustained the validity of similar charter provisions against a number of attacks."

Moreover, plaintiffs did not plead specially either waiver or estoppel; and, in the clearest language, Texas Rules of Civil Procedure, rule 94, requires each to be pleaded before either doctrine is available. As to estoppel, see Bickler v. Bickler, 391 S.W.2d 106, 109 (Tex.Civ.App.—Austin 1965), judgment affirmed in part and reversed on other grounds in part, 403 S.W. 2d 354 (Tex.1966); Forbes v. Forbes, 430 S.W.2d 947, 949 (Tex.Civ.App.—Amarillo 1968, no writ). As to waiver, see International Insurance Company v. Jataine, 495 S.W.2d 309, 318 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.), and cases therein cited.

In their motion for rehearing, for the first time, plaintiffs contend: "That the actual notice received by the officials for the City of Port Arthur who investigated the incident in question was sufficient to comply with the notice requirements of the City of Port Arthur." Reliance is placed upon Section 16 of Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970), quoted in the margin.[4] This belated contention requires us to consider what *actual* notice city had.

Mrs. Bowling's notice to city was in the form of a typewritten letter three pages in length, a copy of which was attached to plaintiffs' trial pleading. We quote the first and concluding paragraphs of this letter in the margin.[5] The remainder of the letter did not include any reference whatsoever to personal injuries. Plaintiffs did not allege that city had actual knowledge of any "personal injuries," nor do they now argue that Mrs. Bowling's letter complied with the charter provision requiring the notice to state specifically "when, where, and how the death, injury, damage or destruction occurred, *and the apparent extent of any such injury,* the amount of damages sustained . . . ." (emphasis supplied)

City has shown, as a matter of law, that it did not have actual notice "that the claimant [had] received some injury," [6] although we concede that it did have actual notice "that property of the claimant [had] been damaged." [7]

Since city did not have actual notice of the personal injuries, if any, plaintiffs were required to comply with the charter provision. And, the notice of the claim, lacking verification as required by *Carrales* and *Cooper,* supra, was fatally defective; thus, plaintiffs failed to establish a condition precedent to the maintenance of their suit for personal injuries. The summary judgment was proper.

The judgment of the trial court is Affirmed.

---

4. "Except where there is actual notice on the part of the governmental unit that death has occurred or that the claimant has received some injury, any person making a claim hereunder shall give notice of the same to the governmental unit against which such claim is made, reasonably describing the injury claimed and the time, manner and place of the incident from which it arose, within six months from the date of the incident. Provided, however, except where there is such actual notice, charter and ordinance provisions of cities requiring notice within a charter period permitted by law are hereby expressly ratified and approved."

5. "Enclosed please find a plumbing bill which we are presenting to the City of Port Arthur for payment. We have suffered great damage and tremendous aggravation and mental anguish due to a deterioated [sic] copper drain pipe from our upstairs bathroom which was corroded by strong and excessive sewer gas.

"Because we have reported the strong sewer gas in this area for several years and the problem has not been remedied, we feel that the City of Port Arthur should at least pay our plumbing bill. Our household insurance may cover some damage, but the $100 deductible, the amount of depreciation on carpet which we would not have otherwise replaced for several years, and the mental anguish and inconvenience we have been subjected to has been at our expense. We feel that we are being more than fair to take this much on our own and hope that you see fit to compensate us for our recent loss."

6. Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 16 (1970), in effect at the time of the occurrence.

7. Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 16 (Supp.1974–1975), following the 1973 amendment.

DIES, Chief Justice (concurring).

I concur in the opinion because the authorities cited therein are binding on this court. However, this writer believes the time has arrived when the Supreme Court and/or the Legislature should modify the requirements of notice of claims such as involved here.

If the purpose of such notice—as claimed—is to give a city opportunity to investigate a claim promptly while the facts are fresh, such purpose was fully accomplished here.

A letter dated January, 1972, by Mrs. Bowling to the city manager of Port Arthur, sufficiently set forth the claimed problem. On January 11, 1972, the city manager answered the letter, saying:

"I have your recent letter regarding the damage to your home at 5045 Griffin Court.

"This matter has been referred to the City's insurance carrier and City Attorney for handling.

"I am sure you will be contacted in the near future regarding your damage.

> "Sincerely yours,
>
> /s/ George Dibrell
> George Dibrell
> City Manager"

The City of Port Arthur made the following admissions which are part of our record:

"2. That within 60 days from the date of the occurrence in question, which forms the basis of this suit, a representative of the City of Port Arthur, Mr. Leon Holtzclaw, personally inspected the damages resulting to the Plaintiffs' residence from the sewer pipe having been eaten out.

\* \* \* \* \* \*

"5. That between the years 1966 and 1970, 5 to 7 cave-ins occurred in the portion of sewer line that defendant, City of Port Arthur, maintains from the intersection of 32nd Street and Twin City Drive to the point where said sewer line intersects 25th Street.

"6. That defendant, City of Port Arthur, was aware since 1968 of sewer odor problems in the area where plaintiffs reside."

In spite of full knowledge and presumably an investigation by city's insurance carrier of the facts surrounding and the basis of appellants' claim, we are saying in this opinion they cannot have their day in court because the notice was unverified and not sent to the city council. In my judgment this is not right and ought to be changed.