**John LaBOVE et ux., Appellants,**

v.

**The CITY OF GROVES, Appellee.**

**No. 8494.**

Court of Civil Appeals of Texas, Beaumont.

July 3, 1980.

Rehearing Denied July 24, 1980.

Louis Dugas, Jr., Orange, for appellants.

Michael R. McGown, Beaumont, for appellee.

KEITH, Justice.

Plaintiffs below appeal from an adverse summary judgment rendered in their suit for property damage and personal injuries sustained by Mrs. LaBove when their automobile struck a partially open manhole. The accident is alleged to have occurred on July 16, 1976, and suit was filed on September 1, 1977. It charged common law negligence on the part of the city in failing to secure the manhole cover so that it would not protrude upward from the pavement, and failure to inspect the manhole cover to determine the unsafe condition thereof.

The defendant duly answered, pleading plaintiffs' failure to comply with the 60-day notice provision of its charter. In substance, the charter required a claimant to give verified written notice within sixty days of the accident including therein the names of witnesses, the extent of injury, etc., as a condition precedent to liability on the part of the city.

Thirteen days after the alleged accident plaintiffs' counsel wrote a letter to the "Manager of the City of Groves" advising that official of the occurrence. The letter was not verified and did not in any manner comply with the charter provision noted earlier. The original pleading of plaintiffs did not contain any allegation of compliance with the notice provision of the charter.

City's motion for summary judgment, filed on January 15, 1979, was supported by the affidavit of its City Manager that no other notice had been filed except the single letter from plaintiffs' counsel. Plaintiffs' controverting affidavit alleged that the manhole exploded and that city's police, fire, sewer, and water department employees were at the scene within minutes and "repaired the man-hole while we were still at the scene of the occurrence." There were no pleadings supporting the facts so presented.

On November 21, 1979, plaintiffs filed their first amended original petition wherein, for the first time, they sought recovery under the Tort Claims Act, *Tex.Rev.Civ. Stat.Ann. art. 6252–19 (1970)* and as amended *(Supp.1980)*. Again, there were allegations that the protruding manhole cover presented danger to vehicles on the street. A very general allegation was made to the effect that the street and the manhole and its cover were under the exclusive management and control of city, attempting to invoke the doctrine of res ipsa loquitur.

No allegations as to notice in compliance with the charter or actual notice were contained in this amended pleading.

The appeal is upon two points of error which we will consider in inverse order of presentation. The first contention is that the city was performing a "governmental function and thus the 'actual notice' provisions of Section 16" of the Tort Claims Act apply. We disagree. The allegations of the pleading and the summary judgment proof disclose that the defect was in the public street—the protruding manhole cover being a defect in the street. The very recent case of *Turvey v. City of Houston,* (not yet reported except as 23 Tex.Sup.

Ct.Jr. 447, 448, June 18, 1980), is dispositive. There, Justice Barrow restated the fundamental rule that the maintenance of streets, including the duty to warn of a defect therein, is a proprietary function; and (at 449) "the City is not liable under the Texas Tort Claims Act for negligent acts arising out of the performance of its proprietary functions." The second point of error is overruled.

■ In the first point, plaintiffs contend that there was a fact question presented as to whether the city "is subject to the defense of estoppel." Plaintiffs have failed to point to any record showing of any facts which would raise an inference of estoppel. Rather, the argument is made that since the city had actual knowledge of the accident through its police and fire departments, the formal notice required by the charter was not required. We disagree.

In *Wagstaff v. City of Groves*, 419 S.W.2d 441, 442 (Tex.Civ.App.—Beaumont 1967, writ ref'd n.r.e.), this Court held that compliance with the same charter provision was a condition precedent to suit against the city for injury. We construed an almost identical charter provision in *Bowling v. City of Port Arthur*, 522 S.W.2d 270, 272–273 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). After considering most of the cases relied upon by plaintiffs, we held that an unverified notice was legally insufficient and noted that in that case, as in the case at bar, there was no pleading of estoppel. We denied a recovery in *Bowling* and the authorities relied upon there demand a similar result here.* See and compare *City of Houston v. Deshotel*, 585 S.W.2d 846, 849 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), citing and quoting from *Bowling*, supra.

After reviewing the record with great care, we find no merit to either point

brought forward; consequently, the judgment of the trial court is AFFIRMED.

Justice CLAYTON not participating.

**W.J.M.A., Appellant,**

v.

---

* In *McDonald v. City of Houston*, 577 S.W.2d 800, 802 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.), relied upon by plaintiffs, *Bowling* was cited for the very point mentioned above. We do not attempt to explain the result reached in *McDonald*. We do, however, note that apparently the only defect in the notice there was the lack of verification whereas in *Bowling* and here, there were many deficiencies. Moreover, plaintiffs here had no pleading of notice, waiver thereof, or of estoppel. We do not find *McDonald* applicable to our case.