**ARTCO–BELL CORPORATION,
Appellant,**

v.

**CITY OF TEMPLE, Appellee.**

**No. 13158.**

Court of Civil Appeals of Texas,
Austin.

Aug. 6, 1980.

Rehearing Denied Aug. 26, 1980.

Pat Beard, Beard & Kultgen, Waco, for appellant.

Gary F. Chatham, City Atty., Temple, for appellee.

SHANNON, Justice.

The opinion of this Court handed down on July 16, 1980, is withdrawn, and the following opinion replaces it.

This is an appeal from an order granting summary judgment in a municipal tort case. Appellant Artco-Bell Corporation sued appellee City of Temple in the district court of Bell County in negligence for damages to its truck resulting from that vehicle's collision with a tree limb hanging over a city street.

Appellant pleaded that on April 16, 1979, its truck hit a large tree limb overhanging North Third Street in Temple. Appellant claimed, "[t]he tree was growing on [appellee's] right of way and the limb extended out over the street at a dangerously low height."

Appellant alleged that: (1) appellee had a proprietary duty to maintain its streets and sidewalks in a reasonable safe condition for public use or, alternatively, (2) that Tex. Rev.Civ.Stat.Ann. art. 6252–19 § 14(12) im-

posed a duty upon appellee to warn appellant of a special defect, the low hanging tree limb.

Appellee filed a motion for summary judgment based upon two grounds: (1) that appellant's "Notice of Property Damage" dated June 12, 1979, and filed with the City of Temple was not verified as required by Art. III, § 13 of the City Charter, and (2) that appellant never gave notice, in writing or otherwise, to the mayor or city manager of any dangerous condition existing at the location in question as mandated by Art. III, § 12 of the City Charter. Appellee's position was, accordingly, that because appellant's claim did not comply with the City Charter's notice provisions, appellant could not maintain suit against appellee.

After hearing, the district court entered summary judgment that appellant take nothing.

■ Appellee's summary judgment proof is defective in the following respect: although a certified copy of the notice provision of the City Charter was attached to appellee's first amended original answer, no copy of the said charter provision, certified or otherwise, was attached to the motion for summary judgment. The certified copy of the charter provision attached to the answer is not summary judgment proof, but instead is a part of the pleading. A motion for summary judgment must be supported by its own summary judgment proof. *Hidalgo v. Surety Savings & Loan Ass'n*, 462 S.W.2d 540 (Tex.1971).

■ Nonetheless, appellant waived the defect in appellee's summary judgment proof by not "placing the problem" before the district court in response to the motion for summary judgment. *Westchester First Ins. Co. v. Alvarez*, 576 S.W.2d 771 (Tex. 1978); *Carter v. Gerald*, 577 S.W.2d 797 (Tex.Civ.App.1979, writ ref'd n. r. e.). Further, appellant makes no complaint on appeal of the summary judgment proof defect.

This Court will affirm the summary judgment upon the basis that appellant failed to comply with Art. III, § 13 of the charter of the City of Temple. Article III, § 13 provides, in part, as follows:

## "ARTICLE III

Section 13. LIMITATION ON LIABILITY FOR DAMAGES: Before the City of Temple shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or someone in his behalf, shall give the City Manager notice in writing of such injury or destruction, *duly verified*, within sixty (60) days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the time the claim is presented, and the actual residence of such claimant for six (6) months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim . . . ." (Emphasis added.)

■ It is undisputed that appellant did not comply with the charter provision. Appellant's president wrote appellee's manager an *unverified* letter on April 24, 1979, notifying him of the April 16 collision. On June 12, 1979, appellant's counsel sent the city manager an *unverified* letter notifying him of the April 16 collision.

■ By two points of error, appellant claims that appellee's duty to maintain the streets is a governmental function. Appellant's argument is that the low hanging tree limb constituted a special defect within the contemplation of the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 14(12). Because the Tort Claims Act controls, the argument continues, the only notice requirement to be met is that provided by § 16 of that Act, and appellant's letters of April 24 and June 12 complied with that notice requirement. Appellant's points are

overruled. It is settled that the maintenance of streets is a proprietary function of a city. *Turvey v. City of Houston*, 602 S.W.2d 517, 23 Tex.Sup.Ct.J. 447 (1980); *City of Austin v. Daniels*, 335 S.W.2d 753 (Tex.1960); *Crow v. City of San Antonio*, 301 S.W.2d 628 (Tex.1957); *City of Austin v. Schmedes*, 279 S.W.2d 326 (Tex.1955). The notice provisions in § 16 of the Tort Claims Act have no application to this case since § 18(a) of the Act provides that the Act shall not apply to any proprietary function of a city.

Appellant claims by its third point that it *substantially* complied with the notice provisions of the charter by meeting all the purposes of the notice provision.[1] Appellant's argument is contrary to the holdings of many Texas cases. Should verification be required by the charter or ordinance, the notice must be verified to be effective, and such requirement is held to be a matter of substance and not form. *City v. Deshotel*, 585 S.W.2d 846 (Tex.Civ. App.1979, no writ); *Bowling v. City of Port Arthur*, 522 S.W.2d 270 (Tex.Civ.App.1975, no writ); *Cooper v. City of Abilene*, 416 S.W.2d 562 (Tex.Civ.App.1967, no writ); *Carrales v. City of Kingsville*, 393 S.W.2d 952 (Tex.Civ.App.1965, no writ). Appellant's third point of error is overruled.

By two points of error appellant claims that: (1) appellee waived the verified notice requirement, and (2) appellee was estopped from denying the sufficient of the notice given.

Appellant filed no response to the motion for summary judgment setting out the defenses of waiver and estoppel. Texas R.Civ.P. 166-A(c) provides that issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

It is true that appellant filed a second amended petition in which it alleged that appellee waived the charter requirement of verification and that the conduct of appellee estopped it from asserting the notice provisions of the charter.

Appellant's amended petition did not suffice to present issues to the district court within the meaning of Rule 166-A(c). *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). The non-movant in a summary judgment proceeding must file a written response to the motion for summary judgment in which he sets forth his defenses to the motion for summary judgment. Only those defenses set out in the response to the motion for summary judgment will be considered on appeal as grounds for reversal. *Feller v. Southwestern Bell Tel. Co.*, 581 S.W.2d 775 (Tex.Civ.App.1979, no writ).

Appellant filed a "brief" and "supplemental brief" in opposition to the motion for summary judgment in which it is asserted (1) that appellee waived the verified notice requirement, (2) that appellee was estopped from denying the sufficiency of the notice given, and (3) that the notice provision of the Temple charter was unconstitutional. Because appellant's briefs in opposition to the motion for summary judgment appear to serve the same function as an *answer or response to the motion for summary judgment*, this Court treats the trial briefs as being in compliance with Rule 166-A(c) and will examine the points of error. Tex.R.Civ.P. 71.

The summary judgment proof that is the basis for appellant's claim of waiver and estoppel is as follows. Appellant's president wrote appellee's manager an unverified letter on April 24, 1979, notifying him of the April 16 collision. On May 15, 1979, appellee's attorney replied to that letter stating in part as follows:

"In the event you wish to pursue the matter, I have enclosed a copy of Article III, Section 13 of the Charter of the City of Temple dealing with notice of claim requirements. Upon receipt of a claim in proper form, I will place your request

1. Appellant relies upon *McDonald v. City of Houston*, 577 S.W.2d 800 (Tex.Civ.App.1979, writ ref'd n. r. e.); *City of Austin v. Selter*, 415 S.W.2d 489 (Tex.Civ.App.1967, writ ref'd n. r. e.); *City of Houston v. Watson*, 376 S.W.2d 23 (Tex.Civ.App.1964, writ ref'd n. r. e.).

before the City Commission for its consideration. My recommendation to the Commission will be that the claim be denied."

On June 15, the sixtieth day after the accident, appellee's manager received an unverified letter, written on June 12 by appellant's counsel, notifying him of the April 16 accident.

 This Court recognizes, of course, the rule that a city may be estopped by the conduct of its agents from demanding compliance with a charter provision requiring notice to the City. *Roberts v. Haltom City*, 543 S.W.2d 75 (Tex.1976); *City of Houston v. Black*, 571 S.W.2d 496 (Tex.1978). Estoppel arises against the municipality only if the agent of the city reported information to the claimant that he knew or should have known was false. *Roberts v. Haltom City, supra*. The estoppel is based upon the notion that a party may not profit by his own or his agent's wrongful act. *Roberts v. Haltom City, supra*.

Appellant insists that it raised a fact issue of estoppel or waiver precluding summary judgment grounded upon what it characterizes as the "calculated silence and inaction" of appellee.

Appellee or its attorney was guilty of no wrongful act upon which an estoppel might be based. Appellant cannot claim that any statement in the May 15 letter was false. *Roberts v. Haltom City, supra*. Neither was there anything in the May 15 letter that indicated that the appellee would not require verification of appellant's claim. Far from falsifying or concealing the notice requirements of the charter, appellee's counsel included a copy of Art. III, § 13 of the City Charter in his letter to appellant's president. The charter requirements were plain to see for anyone who cared to read. Likewise, appellee had no duty to respond to appellant's counsel pointing out the defect in the second notice of claim. The points asserting waiver and estoppel are overruled.

Point of error four is that Art. III, § 13 of the charter of the City of Temple is unconstitutional as a violation of due process. The courts have held, repeatedly, that such notice provisions are valid. *City of Houston v. Hruska*, 283 S.W.2d 739 (Tex. 1955); *City of Dallas v. Shows*, 212 S.W. 633 (Tex.Com.App.1919, judgmt adopted); *Brantley v. City of Dallas*, 498 S.W.2d 452 (Tex.Civ.App.1973, no writ), *cert. denied*, 415 U.S. 983, 94 S.Ct. 1576, 39 L.Ed.2d 880 (1974). The point is overruled.

The judgment is affirmed.

PHILLIPS, C. J., not sitting.