CITY OF HOUSTON et al., Appellants,

v.

**William Leo BLACK, Appellee.**

**No. 5792.**

Court of Civil Appeals of Texas, Waco.

Nov. 17, 1977.

Rehearing Denied Dec. 15, 1977.

Otis King, City Atty., Frank L. Mauro, Asst. City Atty., Houston, for appellants.

G. P. Hardy, II and John Milutin, Harvill & Hardy, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants City of Houston and its employee Roberts, from $41,234. judgment against them, in a rear-end collision case.

Plaintiff Black sued defendants City and Roberts alleging defendant Roberts driving a City truck struck him in the rear while he was stopped at a stop sign; causing damage.

Defendants answered plaintiff was guilty of contributory negligence; and the City further answered plaintiff had not complied with its ordinance requiring a verified written notice of injury be filed with the City Council within 90 days detailing the injury and damages sustained.

Plaintiff by second amended petition plead the City had waived and/or was estopped to assert the failure of plaintiff to file verified written notice of injury.

Trial was to a jury which found:

1) 8) Roberts guilty of several acts of negligence proximately causing the collision.

9) The City, by the conduct, of City Attorney Charles Williams, in regard to the claim of plaintiff Leo Black, waived strict compliance with Section 11 of the Charter of the City.

10) City Attorney Williams led Leo Black to believe it was not necessary to verify the written claim filed by Black.

11) The conduct of City Attorney Williams in leading Black to believe that it was not necessary to verify the written claim filed by Black, lulled Black into a sense of security.

12) Such feeling of security was the cause of the failure of Black to verify the written claim filed by Black.

13) "Do you find from a preponderance of the evidence that an ordinary prudent person would have concluded from the circumstances that the City Attorney was waiving Section 11 of the Charter of the City of Houston?

Answer: *We do not*".

14) 19) found plaintiff was not contributorily negligent.

21) Fixed plaintiff's damages at a) $10,-000. pain and suffering; b) $5,000. future pain; c) $3,000. loss of earnings; d) $5,000. future loss of earnings; e) $4,000. physical impairment; f) $5,000. future physical impairment; g) $7,500. future medical expense.

The trial court rendered judgment for plaintiff on such verdict plus $1,734. which had been agreed on by the parties as plaintiff's medical bills.

Defendants appeal on 15 points. The City contends in points 1–5 that the trial court erred in overruling its motion for instructed verdict or its motion for judgment non obstante veredicto because:

1) Plaintiff did not comply with Section 11 of the City Charter which requires that a claim be verified.

2) There is no evidence the City waived strict compliance of its charter provisions.

3) The jury found the City was not estopped from asserting its charter notice provision.

The City and Roberts in points 6–15 assert there is no evidence or insufficient evidence to sustain the jury's finding of damages in Issue 21c thru g, and that the judgment is excessive in the sum of $24,-500.

Section 11 of the City of Houston Charter provides that before the City shall be liable for damages for personal injuries of any kind, the person injured shall give the Mayor and City Council notice in writing of such injury, duly verified, within 90 days after same has been sustained.

Section 2–15 provides that waivers of notice of claims against the City can only be by a resolution of the City Council made and passed before the expiration of the 90 day period.

A week after the City truck struck plaintiff in the rear, plaintiff went to the City Hall to make a report. A City employee told him he needed to go to the Water Department to see defendant Roberts' supervisor. Plaintiff went to that department and was told to go back to City Hall. Another City employee told plaintiff he needed to go to another part of town, but while they were talking City Attorney Charles Williams entered the City Hall lobby and plaintiff was introduced to him as someone who could help. Attorney Williams asked plaintiff what his complaint was and plaintiff explained to him about his bodily injuries. Williams told plaintiff he could not sue the City and that his back injury would not amount to anything. Williams then told him to write a letter to the City legal department, get two estimates on his car, and get a police report. Plaintiff complied with these instructions, did not verify his letter, and later received a letter from the City Secretary denying his claim.

■ Where verification is required by City Ordinance or Charter, the notice of injury must be verified to be effective, and such requirement is a matter of substance and not of mere form. *Carrales v. City of Kingsville* (Waco, Tex.Civ.App.) NWH, 393 S.W.2d 952; *Cooper v. City of Abilene* (Eastland, Tex.Civ.App.) NWH, 416 S.W.2d 562; *Bowling v. City of Port Arthur* (Beaumont, Tex.Civ.App.) NWH, 522 S.W.2d 270; *McCrary v. City of Odessa*, Tex., 482 S.W.2d 151.

The jury found in answer to Issue 9 that the City, by the conduct of City Attorney Williams, in regard to the claim of plaintiff, waived strict compliance with Section 11 of the City Charter.

■ The City's Charter provides that waiver can only be accomplished by a resolution of the City Council. Thus Attorney Williams could not waive on behalf of the City.

■ But municipalities may be estopped from asserting failure of compliance with notice and claim provisions. Estoppel is based on the principle that a party may not profit by his own or his agent's wrongful act; and the purpose of estoppel is to

prevent injustice and to protect those who have been misled. *Cawthorn v. City of Houston*, Tex.Comm.App., 231 S.W. 701; *Roberts v. Haltom City*, Tex., 543 S.W.2d 75. Such cases further hold that to create an estoppel, the City's agent must make a representation, which is relied on by the person to whom it is made; and that a reasonably prudent person would have relied upon such statements.

Here the jury found that Attorney Williams led plaintiff to believe it was not necessary to verify the written claim to the City; that Attorney Williams in ´leading plaintiff to believe it was not necessary to verify the written claim, lulled plaintiff to sleep; and that such feeling of security was the cause of plaintiff's failure to verify his written claim filed with the City. And the jury did not find that a reasonably prudent person would have relied on such statements.

But in answer to Issue 13 the jury found that "an ordinary prudent person would *not* have concluded from the circumstances that the City Attorney was waiving Section 11 of the City Charter.

A more correct inquiry for Issue 13 would have been: "Do you find from a preponderance of the evidence that a reasonably prudent person would have relied on Attorney Williams' statements and conduct?"

■ And it was plaintiff's burden to prove an estoppel, and the essential elements thereof. *Concord Oil Co. v. Alco Oil and Gas Corp.*, Tex., 387 S.W.2d 635.

■ We find that there is error in the judgment since plaintiff was decreed a recovery when "estoppel" was not established; and we accordingly reverse such judgment.

But we deem that this case should not be rendered but should be remanded in the interest of justice. *Scott v. Liebman*, Tex., 404 S.W.2d 288; *Morrow v. Shotwell*, Tex., 477 S.W.2d 538.

REVERSED and REMANDED.

JAMES, Justice, dissenting.

I respectfully dissent, and would affirm the trial court's judgment, because in my opinion the Plaintiff-Appellee has established the elements of estoppel. By the jury's answers to Special Issues 10, 11, and 12 the jury found the elements of estoppel against the City, to wit, that City Attorney Williams led Leo Black to believe it was not necessary to verify the written claim filed by Black, such conduct by the City Attorney lulled Black into a sense of security, and such feeling of security was the cause of Black's failure to verify the written claim filed by Black. The four corners of the record manifest that Black was acting as an ordinary prudent person in reliance upon what City Attorney Williams told him, and the trial court so impliedly found.

In my opinion, the jury's answer to Special Issue No. 13, (wherein the jury failed to find that an ordinary prudent person would have concluded that the City Attorney was waiving Section .11 of the City Charter) is an issue concerning the theory of waiver. The answer to this issue should be considered along with the jury's answer to Special Issue No. 9, the other waiver issue, since it is not an estoppel issue.

Here we have a seventy-two year old man, Plaintiff-Appellee William Leo Black, unlearned in the law, rearended and substantially injured and damaged by the negligent acts of an employee of the City. In attempting to make a report at the City Hall, a city employee tells him he needs to go across the City of Houston to the Water Department to see the supervisor of the city employee who rearended him. After going to the Water Department, Black was told to go back to the City Hall. Another city employee told Black he needed to go to another part of town; whereupon City Attorney Williams came up and was introduced to Black as being someone who could help.

And here the City Attorney told him he could not sue the City and that his back injury would not amount to anything, to

write a letter to the City Legal Department, get two estimates on his car, and a police report. The City Attorney further led Black to believe it was not necessary to verify the written claim to the City, and thereby lulled Black into a sense of false security. Black did what the City Attorney told him to do; whereupon he (Black) was informed *after the 90 days had expired* that his claim was not properly filed.

In my opinion, to do otherwise than affirm this judgment and hold the City liable on the theory of estoppel is to allow the City to benefit by its own wrongdoing. Here, Black was misled by the City Attorney in such a way that he did not file his verified claim within the 90-day period, when "but for" such misleading information the jury found he would have properly filed same. This type of misleading conduct has been condemned by our Supreme Court in *Roberts v. Haltom City* (Tex.1976) 543 S.W.2d 75, wherein it was held that a city may be held liable on the theory of estoppel by misleading on the part of the city's agents, whether the city's agent is expressly authorized or not to make such misleading statements. Also see *Cawthorn v. City of Houston* (Tex.Comm.App.1921) 231 S.W. 701, opinion adopted, at page 706, wherein the City's 90-day claims filing period is discussed:

"This charter provision is hard enough, at best, on those who are injured by the City. It is in derogation of common right. City officers must not act in such a way as to lead people into a trap, and cause them to delay strict compliance with the charter provision until the 90 days have expired."

Finally, in the language of our Supreme Court in *Wright v. Calhoun* (Tex.1857) 19 Tex. 412, at page 421:

"There can be no sounder doctrine of morals or of law, than that which forbids the principal to take a benefit from the fraudulent act or contract of his agent, to the injury of an innocent third person. It would indeed be a monstrous doctrine, to hold that a principal may speculate upon and enjoy the fruits of the frauds of his authorized agent, and incur no responsibility to the injured parties. It would enable one man, by employing the instrumentality of an unprincipled agent, to cheat, defraud and swindle others out of their property, and turn them over to their recourse upon the worthless agent, while he, the principal, received and retained the fruits of the iniquitous bargains. Such a doctrine can have no sanction in morals or law."

In the case at bar, in my opinion the City is liable on the theory of estoppel; therefore I would affirm the judgment of the trial court.