TONE et al. v. CITY OF DENISON et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 28, 1911. Rehearing Denied Nov. 25, 1911.)

1. MUNICIPAL CORPORATIONS (§ 961*)—TAXATION—STATUTES—VALIDITY.

A provision in the charter of a city that on a majority vote of the people a special tax may be voted for any purpose for which a petition is presented, and for which the council may call an election, is not invalid as authorizing the levy of taxes for unlawful purposes, but limits the authority of the city to levy a special tax for a lawful purpose.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2038; Dec. Dig. § 961.*]

2. CONSTITUTIONAL LAW (§ 48*)—STATUTES (§ 181*)—CONSTRUCTION IN FAVOR OF VALIDITY—INTENT.

The court will construe a statute according to its intent, and so as to uphold it rather than to nullify it.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48;* Statutes, Cent. Dig. § 259; Dec. Dig. § 181.*]

3. MUNICIPAL CORPORATIONS (§ 956*)—TAXATION—STATUTES—CONSTRUCTION.

A provision in a city charter giving the city the right to levy a special tax of 50 cents on the $100 for special purposes, gives the right to levy a tax of 25 cents for a special purpose.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2011; Dec. Dig. § 956.*]

4. MUNICIPAL CORPORATIONS (§ 956*)—SPECIAL TAXES—ELECTIONS—PROPOSITIONS.

A proposition submitted to the people of a city authorized by its charter to levy a special tax on a majority vote of the people, "Shall a hospital be established by the city, and the taxpayers be taxed" a specified amount "for its payment?" is sufficient, and when a majority vote is cast in favor of the proposition, a special tax may be levied.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2013; Dec. Dig. § 956.*]

5. MUNICIPAL CORPORATIONS (§ 956*)—SPECIAL TAXES—ELECTIONS—VALIDITY.

Where the officers of a city, authorized by its charter to levy a special tax on a majority vote of the people, called an election in the proper way on a petition therefor deemed sufficient, and an election was held and the result thereof ascertained and declared, the election will not be avoided though the requisite number

of persons did not sign the petition, and though other matters in the petition were irregular.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2013; Dec. Dig. § 956.*]

6. MUNICIPAL CORPORATIONS (§ 956*)—SPECIAL ELECTIONS—MAJORITY VOTE.

Under a city charter authorizing special taxes on a majority vote of the property owning taxpaying voters of the city, a majority of those voting at a special election, public notice of which has been given, is sufficient to authorize the levy of special taxes.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2013; Dec. Dig. § 956.*]

Appeal from District Court, Grayson County; J. M. Pearson, Judge.

Action by H. Tone, Jr., and others against the City of Denison and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

J. D. Cunningham and Abney & Hassell, for appellants. N. H. L. Decker, W. J. Mathis, and W. M. Peck, for appellees.

BOOKHOUT, J. This cause was instituted December 6, 1909, in the district court of Grayson county, by appellants, H. Tone, Jr., and 176 other taxpaying citizens of said city of Denison, against said city of Denison, and A. P. Wood, who, at the time of the filing of the suit was, and is yet, tax collector of said city, first, to temporarily enjoin appellees from collecting a certain special tax levied by said city for the years 1909 and 1910 of 25 cents on the $100 valuation; and, second, for a perpetual injunction restraining appellees from collecting said special tax, alleged to be illegal. Appellants' petition and exhibits were duly sworn to. The appellees filed a joint answer to said petition, consisting of a general demurrer and certain special exceptions, a general denial and certain special pleas, said answer being sworn to as to the facts in the answer. The general demurrer and special exceptions coming on to be heard were sustained, to which action plaintiffs excepted. The writ of injunction prayed for was refused. Judgment was for defendants, and plaintiffs duly perfected an appeal.

The city, acting under the power conferred by its charter, levied a special tax of 25 cents upon the $100 of valuation for the purpose of providing a hospital for the city. That part of the charter under which the tax was sought to be levied and collected appears in the form of a proviso, in article 111, § 1. This article, after granting authority for the levy of a tax for general purposes, continues with a provision reading thus: "Provided, however, that upon a majority vote of the property owning, taxpaying voters of the city an additional tax of 50 cents on the $100 valuation may be voted for two years for any purpose for which a petition of 300 property owning, taxpaying voters may petition, and for which the council may call an election." A petition held by them to be sufficient was presented to the council asking that a special election be called to determine whether a hospital should be established and whether a special tax should be levied to pay for the same. The petition was received by the council and placed on file, and the mayor authorized to issue his proclamation ordering the election. The election was held and the result duly canvassed and declared, in effect, that 356 votes were cast in favor of the proposition and 287 votes were cast against, making a majority of 69 votes in favor of the proposition. The election proclamation recited the fact that petition had been filed with the city council requesting the call of a special election of the legally qualified taxpaying voters of the city for the purpose of determining whether or not a special levy of 25 cents on the $100 of valuation shall be levied for the years 1909 and 1910 for the purpose of building a hospital or sanitarium in the city of Denison.

[1] It is contended by appellants that the clause of the charter under which the tax in question was levied is void because the power thereby granted is without limitation, and the purpose and extent of the power is undefined and the same is unconstitutional and void. We do not concur in this contention. The authority to vote a tax "for any purpose for which the council may call an election" by proper construction means any lawful purpose.

[2] The court will construe a statute according to its intent, and so as to uphold the same rather than to nullify it. Randolph v. State, 9 Tex. 524; Forshey v. Galveston, 16 Tex. 527; McInery v. Galveston, 58 Tex. 340; Lewis v. Stewart, 62 Tex. 352. The city of Denison had the power under the general statutes of the state to establish or cause to be established a hospital and to regulate the same. Revised Stats. 1895, art. 424.

[3] The clause of the charter giving the right to levy a tax of 50 cents on the $100 for special purposes includes the right to levy a tax of only 25 cents where the tax is special and for a special purpose, and the lesser amount only is required. Dwyer v. Hockworth, 57 Tex. 250; Cooley on Taxation (Ed. 1903) vol. 2, p. 1437. The clause of the charter under which the election was held and the tax levied was valid.

[4] Again, it is contended that the proposition to levy the special tax in question was not submitted to the vote of the people of the city in the manner and form provided for in the charter and under which the special tax was sought to be levied and collected, but was submitted, if at all, in a different form and manner from that stated in the charter, and was therefore ineffective.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

This contention is not tenable. It was not necessary to set out the plans or specifications of the hospital proposed to be established in the proclamation calling for the election. The question to be determined was: Shall a hospital be established by the city, and the taxpayers be taxed an additional amount of 25 cents on each $100 valuation of their property for its payment? This is the substance of the proclamation for the election, and the proposition voted upon. This complied with the terms of the charter and was sufficient. Austin v. G. C. & S. F. Ry. Co., 45 Tex. 236–271.

[5] An election having been properly called by the proper authorities in the proper way on a petition held to be sufficient, and such election having been actually held and the voters having expressed their will and the result ascertained and declared, will not be avoided even though the proper number of persons did not sign the petition for such election, and even though other matters in the petition were irregular. Scarbrough v. Eubank, 93 Tex. 106, 53 S. W. 573; Austin v. Railway, supra; State of North Dakota ex rel. John Little et al., Appts., v. H. A. Langlie et al., Respts., 5 N. D. 594, 67 N. W. 958, 32 L. R. A. 723.

[6] A majority of those voting at the special election, public notice of the same having been given, to determine whether or not the special tax should be levied was all that the charter required. County of Cass v. Johnston, 95 U. S. 360, 24 L. Ed. 416; Day v. City of Austin, 22 S. W. 757.

We conclude that there is no error in the judgment, and the same is affirmed.

---

# MEMORANDUM DECISIONS

---

Ex parte BROWN. (Court of Criminal Appeals of Texas. Nov. 15, 1911.) Appeal from District Court, Brown County; John W. Goodwin, Judge. George Brown, after his arrest upon a complaint charging him with murder, sued out a writ of habeas corpus for admission to bail. Bail refused, and he appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. It appears that relator was arrested under complaint charging him with murder. He sued out a writ of habeas corpus before Hon. John W. Goodwin, judge of the Thirty-Fifth judicial district. Evidence was introduced, when relator was remanded to the custody of the sheriff upon order duly entered of record, from which judgment and order he prosecuted an appeal to this court, insisting that the court erred in refusing applicant bail for the reasons therein assigned. We have carefully read the testimony, and do not think the court committed an error in thus ruling. Ex parte Jones, 31 Tex. Cr. R. 422, 20 S. W. 983. Judgment affirmed.

Ex parte EADS. (Court of Criminal Appeals of Texas. Oct. 18, 1911.) Appeal from District Court, Hardeman County; S. P. Huff, Judge. Habeas corpus proceeding by Elbert Eads. From a judgment denying him bail, he appeals. Affirmed. R. E. Taylor and J. L. Lackey, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.