Andrew Jackson PATTERSON et al.,
Appellants,

v.

CITY OF DALLAS, Appellee.

No. 15989.

Court of Civil Appeals of Texas.

Dallas.

Feb. 23, 1962.

Rehearing Denied March 16, 1962.

Erhard, Cox & Ruebel, Dallas, for appellants.

H. P. Kucera, City Atty., and Ted P. MacMaster, Asst. City Atty., Dallas, for appellee.

WILLIAMS, Justice.

Appellants sought to enjoin the City of Dallas from enforcing the provisions of Section 8–28 of the Code of Civil and Criminal Ordinances of the City of Dallas, said Section of the City Code being a part of a comprehensive Ordinance regulating the operation of massage establishments. The Section of the Code under attack reads as follows:

"It shall be unlawful for any person to administer a massage as defined in Section 8–12 to any person of the opposite sex; provided, however, that this Section shall not apply to any Chiropractor, nor shall it apply to any registered physical therapists, or registered nurse operating under the direction of a physician. (Ord. 7856, § 15; Ord. 8491, § 1.)"

Appellants alleged that they had procured a valid license issued under the provisions of the Code regulating massage establishments but contended that the above quoted section of the Code was unenforceable in that it was arbitrary, discriminatory and unreasonable, and also was in violation of the State and Federal Constitutions. The City, in its answer, contended that Section 8–28, as well as the entire Code regulating such massage establishments was enacted under express Charter powers and under the general exercise of its Police Powers to prohibit, abate and suppress all things detrimental to the health, morals, comfort, safety, convenience and welfare of the inhabitants of the City of Dallas.

The trial court rendered judgment denying appellants' injunctive relief, specifically holding that the Section of the Code under attack was a reasonable exercise of the Police power of the City of Dallas and did not violate the Constitutional rights of appellants. From this order appellants appeal, contending in five points of error, that Section 8–28 should be declared invalid because (1) the Section complained of constitutes an unreasonable exercise of legislative authority of the City of Dallas; (2) that it constitutes an unreasonable regulatory act which is a prohibition of the occupation of appellants; (3) that the Ordi-

nance violates and contravenes Section 3, Art. 1, of the Constitution of the State of Texas, Vernon's Ann.St.; (4) that the Ordinance contravenes Section 19, of Art. 1, of the Constitution of the State of Texas; and (5) that the Ordinance violates and contravenes the Fourteenth Amendment to the Constitution of the United States dealing with equal protection and due process of law. We are unable to agree with appellants on any of these points and therefore overrule them.

Section 8–12 through Section 8–28 of the City of Dallas' Code of Civil and Criminal Ordinances constitutes a very comprehensive Ordinance dealing with the establishment and regulation of massage establishments. By its various Sections it is made unlawful for any person to operate a massage establishment without a license; requires an investigation by the Chief of Police as to the character, criminal record and general reputation for common decency of the applicant, or any employee; requires information to be supplied to the Health Department; requires medical certificates from the Health Department; governs appeals from refusal to grant or renew a license; grant rights of inspection; establishes comprehensive sanitary requirements; and finally makes it unlawful for any person to administer a massage to any person of the opposite sex, with the named exemptions. The testimony is without dispute in this record that the appellants obtained a license to operate a massage establishment known as AVALON BATHS in the City of Dallas pursuant to the provisions of the regulatory Code described above. At the time the application was made for a license it was represented to the Police Department that only registered nurses or registered physical therapists operating under the direction of physicians were employed at the AVALON BATHS. It was stipulated that the AVALON BATHS does not have any registered physical therapists or registered nurses registered by the State of Texas operating under a duly licensed physician. Captain W. P.

Gannaway, Captain of Detectives, and commanding officer of the Special Service Bureau of the Police Department of the City of Dallas testified that he had made an investigation of the AVALON BATHS and that same was being operated in violation of the Ordinance. He testified further that over the past several years the Police Department had an increase in problems confronting the Department with reference to the proper operation of massage establishments and that recommendations were made to the City for proper Ordinances to regulate same; that specifically the Police Department was confronted with a general problem that lewd acts were committed by the operators of the AVALON BATHS; that one of the appellants, Evelyn DeWitt, had been arrested at another location for offering to commit a lewd act on one of the undercover agents of the City.

That the City of Dallas had the right and authority to license and regulate persons or groups of persons engaged in business, occupation, profession or trade is not questioned. Section 5, Charter of the City of Dallas; Section 23, Art. 1175, Vernon's Ann.Civ.St. Appellants concede this authority but contend that this regulation by the municipal authority must be reasonable and not arbitrary or discriminatory. It is their contention that while the Police power of the City is broad and expansive, it must bear a reasonable and substantial relationship to the end sought to be achieved by the legislative body. The question is directly presented: Does Section 8–28 of the Code of Civil and Criminal Ordinances of the City of Dallas bear a reasonable and substantial relationship to the ends sought to be achieved by the legislating body, or does same arbitrarily establish a fixed Code of conduct which bears but a remote speculative and conjectual relationship to any valid results sought to be achieved under the Police power?

To answer this question we are governed by the well-established rules which are succinctly stated by the court in Sitterle v.

Victoria Cold Storage Co., (Tex.Civ.App.), 33 S.W.2d 546, 549:

"The power being expressly granted by the Legislature, the time for assuming and the manner of exercising it rest within the sound discretion of the governing board of the municipality. Under such authority, the board may determine the questions of thé necessity of exercising the power, and of the method of giving effect thereto, and its determination of those questions is final and conclusive, and may not be revised by the courts, in the absence of clear and conclusive evidence that the board had acted arbitrarily and without reason. And in such situation the burden rests upon those aggrieved to make such showing."

Thus, we are not authorized to declare the Ordinance void vel non unless it clearly and unequivocally appears that the Ordinance was enacted without any basis of reason therefor. Moreover, we are governed by the well-established rule of construction of Statutes and Ordinances that a presumption exists that the legislative body has acted within its power. 12 Tex.Jur.2d § 42, p. 385; Chimine v. Baker, 32 Tex.Civ.App. 520, 75 S.W. 330; Houston & T. C. R. Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648, 70 L.R.A. 850.

From the undisputed testimony of Captain Gannaway, and considering the record as a whole it is apparent that the Police Department of the City of Dallas was confronted with a real problem in the operating of massage establishments because of lewd acts committed or arising from the massaging of a person of one sex by a person of another sex. In an effort to correct this evil the Police Department of the City of Dallas made investigations and collected facts which were presented to the attention of the City Council of the City of Dallas with the recommendation that the Ordinance in question be passed in an attempt to curb the evil which then existed. It is to be observed that the Section under attack prohibits a member of one sex from administering a massage to a person of the opposite sex, with the exception noted. It does not prohibit, but permits, a masseur to administer a massage to a member of the male sex, and a masseuse to administer a massage to a member of the female sex. The right to conduct a massage establishment, after complying with the Massage Ordinances and securing a permit, is not prohibited but is merely regulated. This record does not demonstrate failure on the part of the City Council to perform its legal functions. Appellants have failed to sustain their burden of proof to show that the Ordinance complained of was enacted without reason or that it was enacted arbitrarily.

In construing a municipal ordinance we are governed by the same rules as to the construction of Statutes. Mills v. Brown, 159 Tex. 110, 316 S.W.2d 720; Town of Port Acres v. City of Port Arthur, (Tex.Civ.App.), 340 S.W.2d 325. In construing Legislative Statutes, as well as Ordinances, it is the duty of the court to ascertain the Legislative intent and this intent should be given effect if it is reasonable and not arbitrary. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680. Municipalities have the right to classify persons and the constitutional guarantee of equal rights and privileges to all citizens is not violated by discrimination provided there is a reasonable ground for such discrimination. Mims v. City of Fort Worth, Tex.Civ.App., 61 S.W.2d 539. Based upon these fundamental rules and applying them to the record in this case, we are of the opinion that the clear legislative intent of the City of Dallas in enacting the entire comprehensive regulatory statute was to protect the health and morals of the community. When viewed as a whole the Ordinances are, indeed, reasonable and based upon fact and not fiction. As pointed out above there is a definite reasonable grounds for discrimination as provided in this Ordinance and the same is a fair exercise of Police Power of the City of Dallas.

We have been cited to no Texas case adjudicating a similar worded Ordinance, nor have we found one by our research. However, the District Court of Appeals, 2d District of California, in the case of Ex parte Maki, 56 Cal.App.2d 635, 133 P.2d 64, had before it for consideration an Ordinance of the City of Los Angeles which contains almost identical wording as the Ordinance under attack. That Ordinance made it unlawful for any person to administer, for hire or reward, to any person of the opposite sex any massage, alcohol rub or similar treatment. The Ordinance was attacked by Maki on the same constitutional grounds asserted in this case. The court, in rejecting the contention of the petitioner and holding the Ordinance to be valid and constitutional, said:

"The ordinance applies alike to both men and women. If petitioner should receive only male patrons and do his own work or employ only masseurs, he would not violate the ordinance. If he should receive only female patrons and employ only masseuses to do his work, there would be no violation. The barrier erected by the ordinance against immoral acts likely to result from too intimate familiarity of the sexes is no more than a reasonable regulation imposed by the city council in the fair exercise of police powers. In re Miller, 162 Cal. 687, 124 P. 427. * * *

"In testing the legislative judgment with respect to the necessity for the enactment of regulatory laws in the absence of a judicial determination to the contrary, the presumption is that the city council's action was supported by known facts requiring the enactment. South Carolina State Highway Dept. v. Barnwell Bros., 303 U.S. 177, 625, 58 S.Ct. 510, 82 L.Ed. 734. Such presumption demands but little application here. The inclination of a percentage of mankind to ignore conventionalities, moral codes and inhibitory statutes and to indulge in licentious practices arising from the sex impulse is too well

known to the student of history and sociology to require extended discussion. They have been prohibited in every land of recorded history from ancient Babylon (Code of Hammurabi) to the present time. The evil became so great a menace to the welfare of the early Saxon state in Britain that our rude forebears made adultery a capital offense. (Taine's History of English Literature.) By reason of the continued presence of such element whose lack of restraint would, by subverting the common morality, weaken the foundations of an approved social order, the Legislature may suppress the practice deemed inimical to the state and may adopt such measures as may be reasonable to effectuate its purpose. Purity Extract & Tonic Co. v. Lynch, 226 U.S. 192, 33 S.Ct. 44, 57 L.Ed. 184; American Linseed Oil Co. v. Wheaton, 25 S.D. 60, 125 N.W. 127, 41 L.R.A., N.S., 149. Moreover, the fact that a particular transaction considered apart from the menace sought to be prevented may be innocuous, does not immunize it from the prohibition contained in the enactment. Since the ordinance in question does not prohibit either man or woman from engaging in the occupation of the masseur but merely regulates the conduct of a business in the interest of the state, there is no infraction of article XX of the Constitution."

The court also rejected the contention of the petition in that case that the ordinance violated the privileges and immunity clause of the Constitution of California, which is similar to Art. 1, Section 3, of the Constitution of the State of Texas, saying:

"Petitioner contends that the ordinance violates section 21 of article 1 of the Constitution which forbids that 'any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.' Those to whom special privileges are granted by the

ordinance, asserts petitioner, are licensed physicians and their employees, in that those permitted to give massages are not selected upon the basis of their qualifications; that anyone may do so if he asks no reward for his service or if he is supervised by a licensed physician; that anyone may administer a massage so long as a masseur treats a man and a masseuse treats a woman; that a man may be treated by a masseuse and a woman by a masseur at the office of a physician. Such discrimination, argues petitioner, is not based upon some 'natural, intrinsic, or constitutional distinction.' Citing Gaetano Bocci & Sons Co. v. Lawndale, 208 Cal. 720, 284 P. 654, 655.

"We find no violation of section 21 in the language of the ordinance. The physician is granted no special privilege thereby. He qualifies himself for such responsibility by his allegiance to time honored ethical standards as well as by complying with the requirements of the state in gaining the knowledge and skill which qualify him to administer to the human body. The physician is obligated not only to adhere to the application of the most advanced methods and remedies in the art of healing but also to scorn immoral behavior and to denounce licentious practices. But not even he may act arbitrarily. He may cause a massage to be given only to those who in good faith seek his professional ministrations. The very act of the state in granting licenses to those only who are qualified as physicians is itself an attempt to prevent the quack and the charlatan from preying upon the unsuspecting public. There is, therefore, a distinction in the moral trustworthiness of the licensed physician, as a class, and the massagist. The latter has no professional standards to uphold. His endeavors are activated by only a personal zeal to promote his own prosperity."

Finally, the court rejected the contention of the petitioner that the ordinance violated a due process clause of the Constitution of California and the Fourteenth Amendment to the Constitution of the United States, saying:

"The fallacy of petitioner's argument that the ordinance deprives him of his property without due process of law will already have occurred from the foregoing discussion. The reasonable exercise of the police power in regulating any occupation in order to maintain the moral welfare does not arbitrarily deprive a person so engaged of his property. The language of the ordinance and the evils intended thereby to be prevented make it clear that the intent of the city council was solely to serve the public welfare and not to oppress any class. The fact that a person by his occupation may be unable to gain certain profits as a result of the enforcement of regulatory measure is not a deprivation of his property without due process of law. Enactments that curb the vicious or restrain the wicked necessarily restrict the emoluments of his enterprise. However, such results are not to be considered in determining the validity of a law."

We think this case, so well decided, is decisive of the instant appeal.

In determining the question of due process, equal rights, and discrimination, under both our State and Federal Constitutions it may be recognized that the Legislature may classify law violators and impose different penalties, inhibitions and restrictions upon several classes, provided there is a reasonable basis therefor. In determining whether there is a reasonable basis for the classification there is a general presumption that the Legislature has done its duty, not violated the Constitution; and therefore the classification will be upheld unless it appears, clearly and without doubt, that it has no reasonable basis of support.

Watts v. Mann (Tex.Civ.App.), writ ref. 187 S.W.2d 917.

Mindful of these clear rules of construction, we are unable to agree with appellants that this ordinance was passed by the City Council of Dallas without having a reasonable basis of support in the matter of classification and equal protection of the law. Mims v. City of Fort Worth, Tex.Civ.App., 61 S.W.2d 539; Berry v. City of Fort Worth (Tex.Civ.App.), 110 S.W.2d 95; Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896; James-Dickinson Farm Mortgage Co. v. Harry, 273 U.S. 119, 47 S.Ct. 308, 71 L.Ed. 569.

Statutes of this state providing for separate classification of the sexes are not uncommon. Art. 5177, V.A.C.S. provides for separate toilets for each sex in factories, mills, workshops, mercantile establishments, laundries and other establishments. Art. 5178, V.A.C.S., prohibits management of an institution from permitting conditions to exist calculated to injuriously affect morals of female employees. The operation of a massage establishment renders them peculiarly subject to police regulations and prohibitions within the police power. Legislation based upon classification of the sex of the person does not constitute a new principle of constitutional law. The Supreme Court of the United States in Cronin v. Adams, 192 U.S. 108, 24 S.Ct. 219, 48 L.Ed. 365, and Cronin v. Denver, 192 U.S. 115, 24 S.Ct. 220, 48 L.Ed. 368, upheld a municipal ordinance of the City of Denver which prohibited liquor dealers from providing places where females could be supplied with liquor and from permitting females to be on or remain on the premises where liquor was sold.

■ Appellants make an earnest argument that since Section 8–28 of the Code does not include the language "for hire or reward" that the ordinance applies to other conceivable innocent situations such as prohibiting a husband from giving a massage to his wife, a parent from giving a massage to a child, and any of a number of situations. We cannot agree with appellants' theory of construction of the ordinance in question. It is a fundamental rule of statutory construction that words or phrases in a statute may be supplied, omitted or transposed in order to arrive at legislative intent and an interpretation should not be adopted that would thwart the legislative intent or lead to absurdity, injustice, or uncertainty if such construction can reasonably be avoided. Rogers v. Dallas Ry. & Terminal Co., Tex.Civ.App., 214 S.W.2d 160, affm. 147 Tex. 617, 218 S.W.2d 456; Hargrave v. Texas & P. Ry. Co. (Tex. Com.App.), 12 S.W.2d 1009; Tone v. City of Denison (Tex.Civ.App.), 140 S.W. 1189; Roby v. Hawthorne (Tex.Civ.App.), 84 S. W.2d 1108.

■ The interpretation which appellants insist should be given to this ordinance would lead to absurd results. It is our opinion that when Section 8–28 is read in connection with the entire comprehensive ordinance that reasonable minds could not differ on the conclusion that it was the clear intent of the City Council to apply this ordinance only to the situation under consideration; that is the operation and maintenance of massage establishments. Where the intention of a statute is not clearly expressed or is so inadequately expressed that the court must resort to construction, it is proper to consider the results of any proposed construction, and the court will, if possible, place upon the statute a construction which will not result in an injustice, inconvenience, unreasonableness, prejudice to public interest, or absurd consequences. National Surety Corp. v. Ladd, 131 Tex. 295, 115 S.W.2d 600; McKinney v. Blankenship, 154 Tex. 632, 282 S.W.2d 691; Wood v. State ex rel. Lee, 133 Tex. 110, 126 S.W.2d 4, 121 A.L.R. 931.

When the ordinance in question is considered in the light of the entire chapter regulating massage establishments in the City of Dallas, it is clear to us that the governing body of the City of Dallas intended, by the enactment of this ordinance,

to prohibit lewd acts in such establishments. Such acts of lewdness was the very problem which confronted the Police Department, which resulted in an investigation and the recommendation to the City Council upon which is based the ordinance in question. The ordinance represents a reasonable application of the Police powers of the City of Dallas and bears a reasonable relation to the object sought to be obtained; and when construed in conjunction with the entire Code provisions is valid and constitutional.

The judgment of the trial court is affirmed.