**James A. McDONALD, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

**No. A1950.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 21, 1979.

Rehearing Denied March 14, 1979.

Michael Y. Saunders, Rod V. Steinburg, Helm, Pletcher, Hogan & Burrow, Houston, for appellant.

Robert M. Collie, Jr., City Atty., Frank L. Mauro, Asst. City Atty., Houston, for appellee.

PRESSLER, Justice.

This is an appeal from a summary judgment granted in favor of appellee on the grounds that appellant's claim against the City of Houston (hereinafter referred to as the City) lacked verification, as required in the City Charter's notice provision, and is thus barred.

Appellant filed suit against the City for personal injuries and property damage arising out of an incident in which a tree located on a City right-of-way fell across his pick-up truck. The incident occurred on June 14, 1973, and appellant filed notice of claim for damages on June 21, 1973. The notice was filed pursuant to Article IX, Section 11, of the City of Houston Charter (hereinafter referred to as such Section). The claim was filed and signed on behalf of appellant by his attorney.

The City of Houston filed a Motion for Summary Judgment based upon the alleged failure of appellant to give proper notice of his claim against the City pursuant to the notice provisions contained in such Section. After a hearing, the lower court granted the City's Motion for Summary Judgment declaring that it was agreed that there was no verification and thus there was no issue of fact. The court ruled for the appellee as a matter of law. Appellant has perfected this appeal from the summary judgment.

Appellant contends that the verification requirement is technical in nature and has been arbitrarily invoked to deprive him of his right to recover adequate damages for real injuries. We must address the question as to whether the state interest furthered by the verification requirement can outweigh the unfairness created by allowing the government to treat those against whom torts have been committed differently from those who have been victimized by private torts. Appellant attempts to show that the verification requirement is so arbitrary and unreasonable that it is violative of the equal protection clauses of the federal and state constitutions and that no legitimate state interest is furthered by the verification requirement.

In order to address the argument set forth by appellant, it is necessary to first look at such Section, which states in part:

Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the mayor and city council notice in writing of such injury or destruction, *duly verified,* within 90 days. . . . (emphasis added).

■ The City of Houston became a home rule city in 1905 when the Texas Legislature granted its City Charter. In accordance with the legislative grant, the City of Houston is permitted to incorporate in its charter and enact by ordinance, any provision that is not inconsistent with the Constitution or the general statutes of Texas. Tex.Const. art. XI, § 5; Tex.Rev.Civ.Stat. Ann. art. 1175 (1963). State statutes, home rule charter provisions and city ordinances are presumed to be constitutional. *Patterson v. City of Dallas,* 355 S.W.2d 838 (Tex. Civ.App.-Dallas 1962, writ ref'd n. r. e.), *appeal dismissed,* 372 U.S. 251, 83 S.Ct. 873, 9 L.Ed.2d 732 (1963).

■ Charter notice requirements similar to the one with which we are concerned have been consistently held to be a condition precedent to a right of action by a claimant. *City of Terrell v. Howard,* 130 Tex. 459, 111 S.W.2d 692 (1938, opinion adopted); *Cawthorn v. City of Houston,* 231 S.W. 701 (Tex.Com.App.1921, opinion adopted); *Cooper v. City of Abilene,* 416 S.W.2d 562 (Tex.Civ.App.-Eastland 1967, no writ); *Carrales v. City of Kingsville,* 393 S.W.2d 952 (Tex.Civ.App.-Waco 1965, no writ); *Bates v. City of Houston,* 189 S.W.2d 17 (Tex.Civ.App.-Galveston 1945, writ ref'd w.

o. m.); *City of Houston v. Quinones,* 172 S.W.2d 187 (Tex.Civ.App.-Galveston 1943) *rev'd on other grounds,* 142 Tex. 282, 177 S.W.2d 259 (1944).

■ Verification requirements in municipal charter notice provisions have been upheld in Texas courts. The requirement of verification has been described in various opinions as a substantive or mandatory requirement, and that under applicable ordinances, notice must be verified in order to be effective. *Bowling v. City of Port Arthur,* 522 S.W.2d 270 (Tex.Civ.App.-Beaumont 1975, no writ); *Cooper v. City of Abilene, supra; Carrales v. City of Kingsville, supra.*

■ Recent cases, however, show that although a requirement might be constitutional, the facts of a particular situation can waive the strict application of the requirement. *City of Houston v. Black,* 571 S.W.2d 496 (Tex.Sup.1978); *City of Texarkana v. Nard,* 575 S.W.2d 648 (Tex.Civ. App.-Tyler, 1978) (not yet reported). In a recent Court of Civil Appeals case, the plaintiff was injured in a collision at an intersection in the City of Texarkana and sued the City for its negligence in failing to repair a traffic light at the intersection. *City of Texarkana v. Nard, supra.* The plaintiff failed to give actual notice to the City within the 60-day time period required by the City of Texarkana's Charter. The case was tried before a jury which found in part that the City had actual notice at or near the time of the collision. The Tyler court affirmed the jury verdict. Part of the court's opinion stated that the fact that an investigating police officer had actual notice that the plaintiff had received injuries and damages must be imputed to the City.

Appreciating and understanding the foregoing to be the law of the State of Texas and, therefore, binding upon this Court we must examine how the law should be applied to the circumstances of this case.

Here, several members of various City of Houston departments were on the scene shortly after the incident. City fire and ambulance crews aided in freeing appellant from his truck. Later in the day a City Parks crew removed the tree from the premises. A City employee inspected the tree and determined what caused it to fall on appellant's truck. Even without the filing of claim against the City by the appellant, the City was on actual notice that appellant had suffered injuries and property damage as a result of this tree's falling on his truck. Notice, although unverified, was given by the appellant within one week of the incident so the City knew that they were faced with a claim.

The City had the claim, knew it was unverified, knew they would fail to consider it on this basis, and gave no notice to the appellant that they would do so until well after the eighty-three day period had passed and the appellant could no longer correct his inadvertent mistake.

The cases which have upheld the validity of the requirement of verified notice indicate that it is a legitimate requirement when it eliminates spurious and unfounded claims through making the claimant swear to the legitimacy of his allegations. Given the facts in this case the usual justification for verified notice does not apply. The City already knew what had happened and knew more about the causes of the incident than did the claimant. Therefore, what purpose would be served by the requirement of verification in this case? Under these circumstances the requirement of verification becomes merely a trap to deny the claimant what could be his legitimate recovery for real injury.

The law should not be a set of technical rules whereby the calculating can trap the unwary, but the composite of principles of right providing for the orderly conduct of society for the maximum and equal protection of the rights and liberties of all. When the application of an otherwise constitutional requirement serves no purpose other than to trap the unwary, it should be unenforceable in that limited situation.

■ It is therefore, held that since the City had actual notice of the incident, received a claim within seven days of its

occurrence which was sufficient and proper in every respect except for the verification requirement, and did nothing to let the appellant know that it would reject the claim on this technical basis during the eighty-three days when this matter could have easily been corrected by the appellant, the City was estopped from later raising the technicality as a bar to appellant's claim.

The order of the trial court granting the summary judgment is reversed and case remanded to trial court for further proceedings.

Reversed and remanded.