Charlotte STRICKLAND, Appellant,

v.

CITY OF HOUSTON et al., Appellees.

No. A2468.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 22, 1980.

**286**

Judy K. Hatfield, Law Offices of Robert J. Kern, Houston, for appellant.

Edward A. Cazares, City Atty., W. Torrance Fiddes, Jr., Asst. City Atty., Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PRESSLER and JUNELL, JJ.

PRESSLER, Justice.

This is an appeal from a take nothing judgment holding that Appellant's claim against the City of Houston was not duly verified as required in the City Charter's notice provision. Appellant sued for damages resulting from a collision in which a City truck driven by a City employee struck the car of the Appellant from the rear. At trial it was stipulated that on September 18, 1978 the employee of the City of Houston, was in the course and scope of his employment at the time of the collision. Appellant testified that immediately after the incident she telephoned the City to advise it of the accident and was informed by an individual purporting to be a member of the City Legal Department that the City was not responsible for the acts of its employees but that a form would be sent to the Appellant which should be completed and returned to the City's Legal Department. The Appellant then turned her claim and the form which she received from the City over to Ms. Karen Williams, a claims adjuster for the Appellant's insurer. On October 17, 1978, Ms. Williams wrote to the City informing them of the accident and the claim of Appellant. While it contained all the pertinent facts about the accident, this letter was not duly verified as required by Art. IX, Section 11 of the City of Houston Charter. By a letter dated October 27, 1978, the City Secretary, Ms. Anna Russell, acknowledged receipt of the claim filed in behalf of the Appellant and informed Ms. Williams that the claim had been referred to the City Legal Department for recommendation. On December 19, 1978, ninety–one days after the accident and one day after the expiration of the ninety day period within which a verified written notice of claim must be filed, the City notified Ms. Williams by letter that the claim of the Appellant was denied, but did not state why.

Trial was to the court and it held that the material allegations in the Appellant's pleadings were true. But, the court further held that the requirements of Article IX, Section 11 of the City of Houston Charter had not been complied with because a "duly

verified" written notice of claim was not filed within 90 days of the accident. Judgment was thus rendered in favor of the City.

The single issue before the court is whether, after substantial compliance with all of the substantive requirements of the City Charter notice provision, the failure to verify her written notice of claim should be fatal to Appellant's cause of action where the City delayed until immediately after the notice period had run to advise Appellant of the rejection of the claim. Notice requirements such as that of the Charter of the City of Houston have been consistently held to be a condition precedent to a right of action by a claimant. *City of Terrell v. Howard,* 130 Tex. 459, 111 S.W.2d 692 (Tex.Com.App.1938, opinion adopted); *Cawthorn v. City of Houston,* 231 S.W. 701 (Tex. Com.App.1921, opinion adopted); *McDonald v. City of Houston,* 577 S.W.2d 800, 801 (Tex.Civ.App.–Houston [14th Dist.] 1979, writ ref'd n. r. e.).

As we noted in *McDonald,* recent cases show that although a notice requirement might be constitutional, the facts of a particular situation can waive the strict application of the requirement. *City of Houston v. Black,* 571 S.W.2d 496 (Tex.1978); *City of Texarkana v. Nard,* 575 S.W.2d 648 (Tex. Civ.App.–Tyler 1978, writ ref'd n. r. e.); *McDonald v. City of Houston,* 577 S.W.2d at 801. In *Dancer v. City of Houston,* 384 S.W.2d 340 (Tex.1964) the court indicated that the Appellant substantially complied with the Charter notice requirements, but gave no explanation or description of the manner in which the claimant allegedly failed to comply with the requirements of the notice provision. In *Schultz v. City of Houston,* 551 S.W.2d 494 (Tex.Civ.App.– Houston [14th Dist.] 1977, no writ) the issue was whether the notice filed by the claimant was verified in that claimant's attorney swore that the information given in the notice was "true and correct to the best of [the attorney's] knowledge and belief" rather than on personal knowledge as required by the Charter notice provision. This Court held that the verification substantially complied with the requirements. In *Ostrewich v. City of Houston,* 419 S.W.2d 247 (Tex.Civ. App.–Houston [14th Dist.] 1967, no writ) the notice of claim was sworn to and timely filed but it was asserted by the city that the notice failed to comply with the "when", "where" and "how" requirements of the Charter with respect to the facts stated therein. This Court held that there had been substantial compliance in that the essential facts underlying the claim had been furnished. The alleged deficiency in the notice of claim filed in the case of *City of Houston v. Watson,* 376 S.W.2d 23, 28 (Tex. Civ.App.–Houston 1964, writ ref'd n. r. e.) was that the claimant did not state with particularity that the failure of the City to inspect the street at the location of the pothole which caused the injury complained of was negligence. The Court stated that the notice filed substantially complied with the requirements of the City Charter and was sufficient, stating, "The provisions of the City Charter are not such as to require the injured party to state the acts and omissions of negligence he expects to rely on in court with the same particularity and meticulosity that may be required in pleadings." *City of Houston v. Watson,* 376 S.W.2d at 29. The notice filed in *City of Temple v. Wilson,* 365 S.W.2d 393 (Tex.Civ. App.–Austin 1963, writ ref'd n. r. e.) was asserted to be deficient in that it failed to state with exactitude the date upon which the accident complained of occurred. The court stated that such criticism was hypercritical and without substance and held that substantial good faith compliance with the Charter notice provision was sufficient. In *City of Houston v. Hagman,* 347 S.W.2d 355 (Tex.Civ.App.–Houston 1961, writ ref'd n. r. e.) as in *Ostrewich, supra,* the notice of claim filed was asserted to be deficient in that it failed to state with sufficient specificity the "where" and "how" of the injury complained of. The court held, however, that there had been substantial compliance.

The facts of this case are remarkably similar to those in *McDonald.* In that case, we reversed a summary judgment in favor of the city, noting that cases upholding the validity of a verified notice requirement

**288**

indicate that such a requirement is legitimate when it serves to eliminate spurious and unfounded claims. Where the city already knew of the accident and what had occurred, promptly received the claim, and delayed until the notice period had run to advise the claimant of its rejection, the requirement became merely a trap to deny the claimant what could be his legitimate recovery for a real injury. "The law should not be a set of technical rules whereby the calculating can trap the unwary." *McDonald v. City of Houston*, 577 S.W.2d at 802.

■ In the instant case, the City stipulated to or did not dispute each of the elements of the Appellant's case. The trial court held that all of the Appellant's material allegations were true. Further, the City acknowledged receipt of the written notice of claim approximately fifty days prior to the expiration of the 90 day filing period but did not inform the claimant of the deficiency of her claim. Under these circumstances, and particularly where all other requirements of the Charter notice provision were met, we hold that the Appellant's admittedly legitimate claim should not fail merely because the notice filed did not meet the technical requirement of verification.

■ If the City would promptly advise a claimant of the reasons why its claim is being rejected by means of a checklist of deficiencies, the City would be in an equitable position to assert its defense of non–verification and other such technical defenses. However, conduct such as in this case estops the City from raising such technical defenses.

All of the necessary elements of Appellant's cause of action were stipulated or appear in the record to be undisputed. The judgment of the trial court is reversed and judgment is rendered in favor of the Appellant for damages in the amount of $1344.94 plus interest and for costs of court.

Judgment reversed and rendered.