The CITY OF HOUSTON, Appellant,

v.

**Verna WALKER, Appellee.**

No. 17680.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1980.

Rehearing Denied Dec. 18, 1980.

James K. Gardner, John H. Helm, Houston, for appellant.

John Milutin, Houston, for appellee.

WALLACE, Justice.

This is an appeal from a judgment awarding appellee damages for personal injuries incurred as a result of alleged negligence by the City. At the close of plaintiff's evidence the trial court denied the City's motion for instructed verdict and granted appellee's motion for instructed verdict as to liability. The basis of the City's motion for instructed verdict was the failure of appellee to "duly verify" her notice of claim to the City as required by the

city charter. Following the instruction of a verdict for the appellee as to the notice provision, the judgment for appellee was entered, based upon the jury verdict as to negligence and damages.

The issues presented to us are whether the trial court was correct in holding that the City was estopped to assert the defense that the notice of claim was not "duly verified;" and in admitting into evidence the opinion of the investigating officer that an unlighted barricade was a contributing factor to the collision.

The collision occurred January 20, 1976, early in the morning while it was still dark and was raining. A city water department crew had dug a hole in the city street and had placed a barricade around the hole. There were no reflectors or flashing lights on the barricade, but there were flash pots at the scene which were not lighted at the time of the collision. The plaintiffs notified the City of their claim, and the notice complied with all requirements of the City's charter except that it was not "duly verified." The city charter requires notice within 90 days of the occurrence giving rise to the claim. Appellant's notice was given 42 days following the collision and was denied by the City approximately one week following the expiration of the 90 day period.

Appellee relies on *McDonald v. City of Houston*, 577 S.W.2d 800 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref. n. r. e.), as authority for the granting of the instructed verdict.

In *McDonald* the city was notified of the accident and claim for damages approximately one week after they occurred. The notice was not "duly verified." The City acknowledged receipt of the notice and, seven days before the expiration of the 90 day period, the city council denied the claim. Not until after the expiration of the 90 day period did the City advise McDonald's attorney why the claim was denied.

The *McDonald* case was before the Court of Civil Appeals on appeal from a summary judgment in favor of the City as to the failure of verification of the notice of claim.

The opinion in *McDonald* held that the City was estopped as a matter of law from asserting the defense of lack of verification and remanded the case for trial. The Supreme Court refused writ of error with a notation of "no reversible error," thus saying that the result reached by the trial court was correct but the Supreme Court was not satisfied that the opinion of the Court of Civil Appeals in all respects had correctly declared the law. Rule 483, Texas Rules of Civil Procedure.

■ We find that there was sufficient evidence to raise a fact question as to whether the City was estopped to assert the defense of lack of verification of the notice in this case. This fact issue should have been presented to the jury. The court granted the instructed verdict at a time when additional evidence could have been offered and special issues presented to the jury had the motion been denied. In the interest of justice the case will be remanded so that the question of estoppel might be decided.

■ By its second point of error appellant contends that the trial court erred in permitting the investigating officer to testify that the unlighted barricade contributed to the collision. Officer Laine, the investigating officer, testified that he arrived at the scene within ten minutes of the collision, when he arrived it was dark, it was raining and the barricade was not lighted. He stated that in his opinion the unlighted barricade, the weather and darkness were contributing factors to the collision. The City objected to this testimony and its objection was sustained. However, on two other occasions the officer testified to the same opinion and no objection was made. By failing to object the City thus waived any objection it had to this testimony. *City of Denton v. Mathes*, 528 S.W.2d 625, 634 (Tex.Civ.App.—Fort Worth 1975, writ ref'd. n. r. e.).

The judgment of the trial court is reversed and the cause is remanded.

PEDEN and DOYLE, JJ., also sitting.