**Verna WALKER, Petitioner,**

v.

**CITY OF HOUSTON, Respondent.**

**No. C-88.**

Supreme Court of Texas.

June 24, 1981.

Harvill & Hardy, John Milutin, Houston, for petitioner.

Edward A. Cazares, City Atty., James K. Gardner, Senior Asst. City Atty., and John H. Helm, Asst. City Atty., Houston, for respondent.

PER CURIAM.

Verna Walker brought this suit against the City of Houston seeking to recover for damages she sustained when her automobile ran into a hole which had been dug in a city street by a city water department crew. The City urged that Verna Walker's written notice of her claim for damages did not comply with the City Charter because it was not verified. The trial court held that the City was estopped as a matter of law

from asserting the lack of verification and rendered judgment for Verna Walker pursuant to the jury verdict as to negligence and damages. The court of civil appeals concluded that a fact issue was raised as to whether the City was estopped to assert the lack of verification. It reversed the trial court judgment and remanded the cause to the trial court for a new trial. 610 S.W.2d 539.

The only question presented by this appeal is the sufficiency of the written notice of Verna Walker's claim for damages because it was not verified by the City Charter. In *Artco-Bell Corporation v. The City of Temple, Texas*, 616 S.W.2d 190, (Tex. 1981), we held that the requirement of verification of the notice of claim against a city represents an unreasonable limitation on a city's liability and is invalid as it is contrary to the limitation of authority placed upon home rule cities by Article 1175, Para. 6, Texas Revised Civil Statutes Annotated. Since the requirement of verification in the City's Charter is invalid under this statute, the question of estoppel is immaterial.

Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant the application for writ of error of Verna Walker and without hearing oral argument reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

WALLACE, J., not sitting.