

# The Attorney General of Texas

May 14, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Dallas County Services Building
Condemnation Section
Dallas, Texas  75202

Opinion No.  JM-318

Re:  Disposition of appeals from
from justice of the peace courts
under article 1970-31.2, V.T.C.S.

Dear Mr. Wade:

You inform us that a problem is presented in the construction of section 2, of article 1970-31.2, V.T.C.S., as to what procedure the county clerk is to employ in filing cases appealed from the justice of the peace courts to the several county courts at law. You also inform us that the Dallas County Clerk is presently filing these appealed cases "as they come in" rather than "in rotation." In that regard you ask:

> [W]hether section 2 of article 1970-31.2, V.T.C.S., requires the county clerk to set up a special procedure to process and file 'appealed cases' as a separate category of cases (like eminent domain proceedings), or whether the county clerk may treat 'appealed cases' in the same manner as the case filed under section 3?

We conclude that article 1970-31.2, section 2, V.T.C.S., does not require the Dallas County Clerk to establish a separate procedure. We believe that the county clerk is required to treat these appealed cases in the same manner as other cases filed under article 1970-31.2, section 3, V.T.C.S.

Article 1970-31.2, section 2 provides in part:

> Sec. 2. All civil cases appealed from the several justice courts of Dallas County <u>shall be filed by the county clerk in the several county courts of Dallas County at law consecutively as the appealed cases are received by the clerk from the several justices of the peace in the county. . . .</u> (Emphasis added).

It is our duty in construing statutes to give effect to the legislative intent and purpose. <u>Patterson v. City of Dallas</u>, 355

S.W.2d 838 (Tex. Civ. App. - Dallas 1962, writ ref'd n.r.e.); 53 Tex. Jur. 2d Statutes §125 (1964). In addition, we are only at liberty to turn to other aids of construction when the true intent of the statute may not be ascertained on its face. See Trinity Independent School District v. Walker County, 287 S.W.2d 717 (Tex. Civ. App. - Galveston 1956, no writ). It is clear that article 1970-31.2, section 2, V.T.C.S., is mandatory because it presents circumstances by which a public officer shall perform his statutory duty. See State v. Fox, 133 S.W.2d 987 (Tex. Civ. App. - Austin 1939, writ ref'd); Sutherland, Statutory Construction, V.2A, §57.14 (4th ed. 1984). Therefore, the county clerk is required to file the appealed cases in the manner declared in article 1970-31.2, section 2, V.T.C.S. The ambiguity in the statute arises when section 2 is compared with section 3 of article 1970-31.2, V.T.C.S.

Section 2, as quoted above, uses the term "consecutively" to describe the method by which the county clerk is to file the appealed cases in the several county courts at law. V.T.C.S. art. 1970-31.2, §2. In contrast, section 3, which contains a provision relating to the filing of cases in general, provides that "each case so filed shall be filed in rotation in each of the county courts of Dallas County at law. . . ." V.T.C.S. art. 1970-31.2, §3. Thus, when the legislature used the term "consecutively" in section 2, and the term "in rotation" in section 3, it arguably intended to prescribe two methods by which the county clerk is to file cases in county court. We believe, however, that the dominant intent and purpose of the legislature in enacting article 1970-31.2 was to ensure (when court number 5 was created) that each of the five county courts at law be assigned an equal number of cases filed with the county clerk.

Section 3 also provides for the transfer of "any" case pending in the docket of the five county courts at law. V.T.C.S. art. 1970-31.2, §3. Those cases appealed from the justices of the peace may be included in this transfer along with all cases properly within the jurisdiction of the courts and pending on the docket at the time of the transfer. See generally, Attorney General Opinion JM-237 (1984) (discussion of the jurisdiction of the courts at law in Dallas county). The legislature has made an exception in the case where the judge of any one of the county courts has granted a writ of certiorari. See V.T.C.S. art. 1970-31.2, §§2, 3. To conclude that the legislature did not intend to provide for the equalization of the dockets would render this portion of section 3 useless. Thus, we construe the filing requirement in section 2 to provide for the equalization in the docketing of appealed cases filed in the several county courts at law from the justices of the peace.

As indicated above, the use of the word "consecutively" in section 2 and the phrase "in rotation" in section 3 describe the manner by which cases are to be filed in the county court. When the legislative purpose is ascertained, the significance of words used may

be restricted or enlarged in order to effectuate the legislative purpose and meaning. See West Texas Utilities Co. v. City of Mason, 229 S.W.2d 404 (Tex. Civ. App. - Austin), aff'd, 237 S.W.2d 273 (Tex. 1951). The word "consecutively" was first used by the legislature in 1963 to describe the manner in which cases appealed from the justice's courts to the county courts at law in Dallas county should be filed. See V.T.C.S. art. 1970-31.1, §2. Article 1970-31.1, section 2, V.T.C.S., provided in part:

> [A]ll civil cases appealed from the several Justice Courts of Dallas County shall be by the County Clerk filed in the several County Courts of Dallas County at Law consecutively as said appealed cases are received. . . . (Emphasis added).

This language impliedly repealed the language used by the legislature in article 1970-16. Article 1970-16, V.T.C.S., was enacted in 1917 and used the term "alternatively" rather than "consecutively" because only two county courts at law existed at that time in Dallas County. Accordingly, we believe that when the legislature created court number 5, the term "consecutively" was used because it was a more appropriate term than "alternatively" when describing how cases are to be filed in five courts rather than two courts.

"Consecutively" is defined by Black's Law Dictionary (5th ed. 1979) as "Successive, succeeding one another in regular order." The term "rotate" is defined in Webster's dictionary as "to perform an act, function, or operation in turn [or] to pass or alternate in a series." Webster's Ninth New Collegiate Dictionary (9th ed. 1981). If we construe the language of section 2 as you suggest, the county clerk would be permitted to reasonably file cases in a particular county court at law so long as each case received was filed one after the other in any one of the courts. We believe that this construction is not inconsistent with the legislative intent to maintain equal dockets in all courts.

Section 2 should be read together with section 3 in order to give effect to the legislative intent. Section 3 further provides:

> Sec. 3. The County Court of Dallas County at Law No. 5 shall be known as the 'E' Court. The county clerk shall number consecutively all cases filed in the county courts of Dallas County at law affixing immediately following the number of all cases the letter A, B, C, D, or E, according to which county court of Dallas County at law the case is assigned, and each case so filed shall be filed in rotation in each of the county courts of Dallas County at law with the letter designation

> being used to denote the court in which the case
> is filed. . . .  (Emphasis added).

V.T.C.S. art. 1970-31.2, §3. This provision requires the county clerk to perform two mandatory duties. First, the county clerk is to number "all" cases filed, and the provision also requires the clerk to file those numbered cases "in rotation." Section 3, does not exclude from these two requirements cases filed with the county clerk which have been appealed from the justices of the peace. Accordingly, we conclude that the requirement of section 2 is limited by section 3 and that the county clerk is required to file all the cases appealed from the justices of the peace consecutively, along with the other cases filed, and to assign each case to the several county courts at law in rotation, along with the other cases filed. The only cases excepted from this filing requirement are eminent domain cases. See Property Code §21.013(d) (clerk is to assign an equal number of eminent domain cases "in rotation").

## SUMMARY

Article 1970-31.2, section 2, V.T.C.S., does not require the Dallas County Clerk to establish a separate procedure to file appealed cases from the justices of the peace court. The county clerk is required to treat these appealed cases in the same manner as other cases filed under article 1970-31.2, section 3, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton