

# THE ATTORNEY GENERAL
## OF TEXAS

December 29, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. JM-601

Re: Duty of a sheriff to comply with the requirements of article 38.33 of the Code of Criminal Procedure regarding information to be obtained from a defendant convicted of driving while intoxicated

Dear Mr. Driscoll:

You request our opinion in regard to the duty of the sheriff of Harris County under section 1 of article 38.33 of the Code of Criminal Procedure. That section provides in part the following:

> When a person is finally convicted of an offense of driving while intoxicated or [involuntary intoxication while operating a motor vehicle], the clerk of the court shall mail a notice of the conviction to the sheriff of the county in which the offense occurred. <u>The sheriff shall compile and send to the clerk a copy of the defendant's signature, fingerprint, and driver's license number and copies of any photograph, picture, description, or measurement of the defendant made by a law enforcement agency in connection with that offense.</u> (Emphasis added).

Code Crim. Proc. art. 38.33, §1. You ask how the sheriff of Harris County may comply with the statutory requirements of section 1 of article 38.33 of the Code of Criminal Procedure when such records are not available in the sheriff's office. You indicate that this statute requires the sheriff to compile information from law enforcement agencies involved in the offense. In Harris County, a minimum of 32 municipal police agencies, eight constables' precinct offices, the sheriff's department and the Texas Department of Public Safety are involved in the prosecution of these offenses. The sheriff's office also indicates that some of these agencies do not photograph or fingerprint persons they arrest, and the majority of these defendants are never booked into the county jail, with the result that there is no photograph or fingerprint card.

Section 1 explicitly provides that the sheriff shall compile information "made by a law enforcement agency in connection with that offense." If the information has not been gathered by the law enforcement agencies involved in the offenses, the sheriff is under no duty to generate the information. We believe that the sheriff's duty under section 1 extends only to compiling information previously made by a law enforcement agency. Only this information should be sent to the clerk's office. We also believe that this construction of section 1 is consistent with the legislature's purpose in enacting article 38.33 -- i.e., to preserve evidence to be used in subsequent criminal proceedings. See Patterson v. City of Dallas, 355 S.W.2d 838 (Tex. Civ. App. - Dallas 1962, writ ref'd n.r.e.) (statute should be construed to give effect to legislative intent).

The sheriff's office has also informed us that its Identification Division has the responsibility of compiling the required information and providing it to the clerk's office. The division has a staff of 21 persons who are primarily responsible for photographing and fingerprinting prisoners in the county jail, as well as providing forensic services, photo-lab and fingerprint experts for the criminal courts. These deputies processed 82,161 prisoners during 1984. You argue that the division is making every effort to comply with section 1 of article 38.33, but that it is impossible to do so.

It is obvious that the sheriff has an absolute legal duty to compile the information which is listed in section 1. Attorney General Opinion H-595 (1975) held that where a sheriff has an absolute legal duty to perform a function of his office, the lack of a sufficient number of deputies or inadequate funding will not excuse his nonperformance. If the sheriff lacks sufficient staff to comply with section 1 of article 38.33 of the Code of Criminal Procedure, he may make an application to the commissioners court in compliance with article 3902, V.T.C.S. However, the commissioners court has reasonable discretion in funding the sheriff's office. See V.T.C.S. art. 3902; see also Attorney General Opinion H-595 (1975).

## S U M M A R Y

A sheriff's duty under section 1 of article 38.33 of the Code of Criminal Procedure extends only to compiling the described information previously made by a law enforcement agency. Only this information is required to be sent to the clerk's office. The sheriff is under no independent duty to generate the information.

The lack of a sufficient staff or inadequate funding will not excuse a sheriff's nonperformance of an absolute legal duty.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General